[Cite as *State v. Hartman*, 2014-Ohio-2226.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

MATTHEW HARTMAN

    Appellant

C.A. No.    13CA0018-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09-CR-0229

DECISION AND JOURNAL ENTRY

Dated: May 27, 2014

---

CARR, Judge.

{¶1}    Appellant, Matthew Hartman, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2}    On June 2, 2009, the Medina County Grand Jury indicted Hartman on one count of aggravated burglary. The matter proceeded to trial, and a jury found Hartman guilty of the sole count in the indictment. The trial court sentenced Hartman to a five-year term of incarceration. Hartman appealed to this Court, and we reversed his conviction based on the trial court's admission of a prejudicial 911 call. *State v Hartman*, 9th Dist. Medina Nos. 10CA0026-M, 10CA0031-M, 2012-Ohio-745.

{¶3}    On remand, Hartman was again tried before a jury. The jury found Hartman guilty and he was again sentenced to five years imprisonment. The sentencing entry from the second trial was issued on May 25, 2012. Hartman appealed, and this Court issued a decision on

October 7, 2013, reversing Hartman's conviction based on prejudicial comments made by the State during closing arguments. *State v. Hartman*, 9th Dist. Medina No. 12CA0057-M, 2013-Ohio-4407.

{¶4} While Hartman's appeal from his second trial was pending, Hartman's mother filed a petition for post-conviction relief on his behalf. On February 20, 2014, the trial court denied the petition on the basis that it was not properly before the court.

{¶5} Hartman filed a timely notice of appeal from the denial of the petition for post-conviction relief. On appeal, Hartman raises six assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DISMISSING ON PROCEDURAL AND JURISDICTIONAL GROUNDS MR. HARTMAN'S UNOPPOSED FEBRUARY 11, 2013 PRO SE PETITION FOR POST-CONVICTION RELIEF ("TRIAL II PETITION"), BROUGHT UNDER R.C. 2953.21, AND THUS VIOLATED THE PROTECTIONS ACCORDED BY ARTICLE I, SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING HARTMAN'S TRIAL II PETITION, WHEN PRESENTED WITH THE FACTS THAT MR. HARTMAN HAD BEEN UNLAWFULLY IMPRISONED BY THE STATE OF OHIO AT THE RICHLAND CORRECTIONAL INSTITUTION WITHOUT DUE PROCESS OF LAW, CONTRARY TO R.C. 2953.13 AND R.C 2905.01(B)(2), FOR A PERIOD OF THIRTY DAYS AFTER HIS CONVICTION HAD BEEN REVERSED AND REMANDED, THUS DEPRIVING MR. HARTMAN OF EQUAL PROTECTION OF LAW PROVIDED BY ARTICLE I, SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY DENYING MR. HARTMAN'S TRIAL I PETITION AND TRIAL II PETITION WHEN IT DID NOT CONSIDER THE

ISSUES SET OUT IN HIS INITIAL PETITION FOR POST-CONVICTION RELIEF ("TRIAL I PETITION"), TIMELY FILED ON JUNE 29, 2011, AND TRIAL II PETITION, TIMELY FILED ON FEBRUARY 11, 2013, PROVIDED BY R.C. 2953.21, IN VIOLATION OF ARTICLE I, SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY DENYING MR. HARTMAN'S INSTANT TRIAL II PETITION WHEN IT DENIED HIM A TIMELY RULING ON HIS JUNE 29, 2011 PETITION FOR POST-CONVICTION RELIEF, TRIAL I PETITION, CONTRARY TO OHIO CRIM.R. 1 AND 35(C), THUS DENYING HIM THE PROTECTIONS ACCORDED BY ARTICLE I, SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PROCEEDING WITH A SECOND TRIAL, AFTER FAILING TO CONSIDER AND TIMELY RULE ON MR. HARTMAN'S JUNE 29, 2011 PETITION FOR POST-CONVICTION RELIEF, TRIAL I PETITION, WHICH, ALONG WITH HIS MOTION TO BAR SUCCESSIVE PROSECUTION OF DEFENDANT IN VIOLATION OF THE FIFTH AMENDMENT'S DOUBLE JEOPARDY CLAUSE, PRESENTED INCONTROVERTIBLE EVIDENCE THAT THE STATE FAILED TO PROVE AN ESSENTIAL ELEMENT FO THE OFFENSE OF AGGRAVATED BURGLARY AT TRIAL I, THUS ERRONEOUSLY EXPOSING HIM TO DOUBLE JEOPARDY, PROSCRIBED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AS WELL AS THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DEPRIVED MR. HARTMAN OF NOTICE AND THE OPPORTUNITY TO BE HEARD IN THE MATTER OF A LETTER, UNDISCLOSED BY THE TRIAL II COURT, THAT CONTAINED FALSE AND FRAUDULENT ALLEGATIONS, DIRECTED AT MR. HARTMAN'S TRIAL COUNSEL AND INVESTIGATOR, COMPOSED AND SENT TO THE TRIAL II COURT BY ADVERSE PARTIES IN UNRELATED CIVIL LITIGATION IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, CAUSING PREJUDICE AGAINST MR. HARTMAN, HIS TRIAL COUNSEL, AND HIS INVESTIGATOR BY THE TRIAL II COURT, THUS

DEPRIVING MR. HARTMAN OF GUARANTEES ACCORDED BY ARTICLE I, SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶6} In his six assignments of error, Hartman sets forth various arguments as to why the trial court erred in denying his petition for post-conviction relief. As noted above, the trial court denied Hartman's petition on the basis that it was not properly before the Court due to the fact that it was filed by his mother, a non-attorney. Hartman argues his petition was properly before the trial court given that his mother had his power of attorney. We disagree.

{¶7} The Supreme Court of Ohio has recognized "that a non-lawyer with a power of attorney may not appear in court on behalf of another, or otherwise practice law." *Disciplinary Counsel v. Coleman*, 88 Ohio St.3d 155, 158 (2000). The Supreme Court has promulgated rules with respect to the practice of law in Ohio, and allowing a person holding a power of attorney to essentially act as an attorney at law "would render meaningless the supervisory control of the practice of law given to [the Supreme Court] by the Ohio Constitution." *Id.* at 157. While the law certainly recognizes that a person has an inherent right to proceed pro se, it also prohibits a person who has not been admitted to the bar from attempting to represent another in court on the basis of a power of attorney assigning pro se rights. *Id.* at 157-158; R.C. 4705.01 ("No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not concerned * * * unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules."). Under the circumstances of this case, it was proper for the trial court to refrain from entertaining the merits of the petition.

{¶8} Hartman's assignments of error are overruled.

III.

**{¶9}** Hartman's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MARILYN A. CRAMER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.