[Cite as *State v. Hanlin*, 2014-Ohio-5719.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 JE 36B |
| V. | ) | |
| | ) | OPINION |
| DAVID HANLIN, JR., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Court of Common Pleas of Jefferson County, Ohio Case No. 13CR75,76,77

JUDGMENT:          Affirmed

APPEARANCES:
For Plaintiff-Appellee          Jane M. Hanlin
                                Prosecutor
                                Samuel A. Pate
                                Assistant Prosecutor
                                16001 S.R. 7
                                Steubenville, Ohio 43952

For Defendant-Appellant          Attorney Bernard C. Battistel
                                 P.O. Box 803
                                 Steubenville, Ohio 43952

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: December 23, 2014

DONOFRIO, J.

{¶ 1} Defendant-appellant, David Hanlin, Jr., appeals from a Jefferson County Common Pleas Court judgment sentencing him to 11½ years in prison following his guilty plea to felonious assault, tampering with evidence, and a firearm specification.

{¶ 2} On April 16, 2013, appellant, along with David Hartman, and Carey Bailey, Jr. got into a verbal altercation with Zachary Willis, Demarcus Meeks, and possibly others at the Avalon Bar in Mingo Junction. Appellant, Hartman, and Bailey left the bar and drove to Meeks' house where they threatened to shoot Meeks' house and dog. Neighbors heard the threats and called Meeks, who was still at the Avalon Bar, to inform him of the threats.

{¶ 3} Meeks, along with Willis, then left the bar and headed toward his house. On the way, Meeks and Willis encountered appellant, Hartman, and Bailey, who were on their way back to the Avalon Bar. The two vehicles stopped. Appellant remained in the car while all other occupants of the two vehicles exited. Bailey then produced a 9 mm handgun and fired seven shots at Willis, striking him twice. His injuries left him paralyzed.

{¶ 4} Appellant, Hartman, and Bailey fled the scene. They hid the car they were driving and two guns. They were later arrested.

{¶ 5} A Jefferson County Grand Jury indicted appellant on one count of complicity to commit attempted murder, a first-degree felony in violation of R.C. 2903.02(A), R.C. 2923.02(A), and R.C. 2923.03(A), with a firearm specification; one count of complicity to commit felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2) and R.C. 2923.03(A)(2), with a firearm specification; and one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1).

{¶ 6} In separate indictments, the grand jury indicted Hartman on the identical charges and specifications as appellant and indicted Bailey on attempted murder, felonious assault, and tampering with evidence, with firearm specifications.

{¶ 7} Appellant initially entered a not guilty plea. Several months later, however, he reached a plea deal with plaintiff-appellee, the State of Ohio. Pursuant

to the plea deal, the state dismissed the complicity to commit attempted murder charge and accompanying firearm specification. In exchange, appellant entered a guilty plea to the remaining charges.

{¶ 8} The trial court held a single sentencing hearing for the three defendants. It sentenced appellant to six years in prison for complicity to commit felonious assault, three mandatory years for the firearm specification, and 30 months for tampering with evidence. The court ordered the sentences to be served consecutively for a total of 11½ years in prison.

{¶ 9} Appellant's counsel filed a single notice of appeal for appellant and his two co-defendants even though this appeal stems from three separate cases with three separate judgment entries, one for each defendant. The proper way to have handled these cases would have been for counsel to file three notices of appeal, one from each case for each defendant. For this reason, we are issuing three separate opinions, one for each defendant. See, *State v. Hartman*, 7th Dist. No. 13-JE-36A, 2014-Ohio___; *State v. Bailey*, 7th Dist. No. 13-JE-36C, 2014-Ohio-____.

{¶ 10} Appellant raises a single assignment of error that states:

THE TRIAL COURT ERRED IN SENTENCING THE
DEFENDANTS WITHOUT FOLLOWING THE GUIDELINES SET
FORTH IN O.R.C. §2929.11, §2929.12 AND §2929.14.

{¶ 11} Appellant argues there is no indication that the trial court considered the seriousness and recidivism factors set out in R.C. 2929.12(B)(C)(D) and (E). He notes the court makes no mention of the "more serious" factors outweighing the "less serious" factors or that recidivism is more likely. He asserts that had the court considered these factors, it may have found that the victim facilitated the offense, appellant acted under provocation, appellant had never been adjudicated delinquent, only Hartman had a prior felony record, the offense was committed under circumstances not likely to reoccur, and appellant showed genuine remorse. Appellant also argues the court failed to make the findings necessary under R.C. 2929.14(C)(4) for imposing consecutive sentences.

{¶ 12} Our review of felony sentences is a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." *Id.* (O'Conner, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶¶13-14 (O'Conner, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. *Id.* at ¶17 (O'Conner, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶17 (O'Connor, J., plurality opinion).

{¶ 13} Appellant was convicted of a second-degree felony and a third-degree felony. The possible prison sentences for a second-degree felony are two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). The possible sentences for a third-degree felony are nine, 12, 18, 24, 30, or 36 months. R.C. 2929.14(A)(3)(b).

{¶ 14} The court sentenced appellant to six years for the second-degree felony and 30 months for the third-degree felony. Additionally, the trial court sentenced appellant to three mandatory years on the firearm specification. These sentences fall within the applicable statutory ranges.

{¶ 15} In sentencing a felony offender, the court must consider the overriding principles and purposes set out in R.C. 2929 .11, which are to protect the public from future crime by the offender and others and to punish the offender. The trial court shall also consider various seriousness and recidivism factors as set out in R.C. 2929.12.

{¶ 16} Specifically, the court must consider these factors that indicate the offender's conduct is more serious than conduct normally constituting the offense:

> (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6) The offender's relationship with the victim facilitated the offense.

(7) The offender committed the offense for hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

R.C. 2929.12(B).

{¶ 17} The court must also consider these factors that indicate the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong

provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

R.C. 2929.12(C).

{¶ 18} Next, the court is to consider these factors, which indicate the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

R.C. 2929.12(D).

{¶ 19} Finally, the court is to consider these factors, which indicate the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

R.C. 2929.12(E).

{¶ 20} In appellant's sentencing judgment entry the trial court stated: "The court has considered the record, oral statements and the victim impact, as well as the Purpose and Principles of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12 all discretionary and non-mandatory factors." Thus, the court indicated that it considered the statutory factors.

{¶ 21} Moreover, at the sentencing hearing the trial court referenced several of the statutory factors. It noted that "the harm done is about as serious as it can get for a felonious assault." (Tr. 28). The court also found "serious physical, mental, and economic harm." (Tr. 29). And it noted that appellant did not have a prior record. (Tr. 31).

{¶ 22} Furthermore, even if the court had not given any explanation regarding the R.C. 2929.12 factors at the sentencing hearing, such "explanations regarding the trial court's consideration of R.C. 2929.11 and R.C. 2929.12 are not required at the sentencing hearing or in the sentencing entry." *State v. Burch*, 7th Dist. No. 12 JE 28, 2013-Ohio-4256, ¶31, citing *State v. McGowan*, 7th Dist. No. 09 JE 24, 2010-Ohio-1309, ¶69. Thus, the trial court's statements in the sentencing entry were sufficient to show that it considered the R.C. 2929.11 principles and purposes of

sentencing and the R.C. 2929.12 seriousness and recidivism factors.

{¶ 23} Next, we must consider appellant's consecutive sentences.

{¶ 24} R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 25} It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are

not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. No. 12-MA-97, 2013-Ohio-2956, ¶17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶38.

{¶ 26} The Ohio Supreme Court recently held, however, that the trial court must make its findings at the sentencing hearing and not simply in the sentencing judgment entry:

{¶ 27} In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

{¶ 28} *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The court stressed the importance of making the findings *at* the sentencing hearing, noting this gives notice to the offender and to defense counsel. *Id.* at ¶29. And while the trial court should also incorporate its statutory findings into the sentencing entry, the court's inadvertent failure to do so is merely a clerical mistake and does not render the sentence contrary to law. *Id.* at ¶30. This type of clerical mistake may be corrected by a nunc pro tunc entry. *Id.* But a "nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence." *Id.*

{¶ 29} In this case, in appellant's sentencing entry, the trial court found: "This is the worst form of the offense given the devastating and permanence of the injury. Consecutive sentences are necessary to punish the offenders and to protect the public." Before *Bonnell*, this would have been sufficient to show that the court made the first of the three required findings. But now, the statement in the judgment entry is not enough. The court must have made the finding *at* the sentencing hearing.

{¶ 30} The transcript of the sentencing hearing must make it "clear from the record that the trial court engaged in the appropriate analysis." *State v. Hill*, 7th Dist.

No. 13 CA 82, 2014-Ohio-1965, ¶27.  At the sentencing hearing, the trial court found:

> It does appear to me the consecutive sentences are necessary
> because of the harm done is great and unusual.  It is the worst form of
> the offense, by the way, for a felonious assault.  I don't know how you
> get much worse than this and leave the person alive.  Paralyzed for life,
> I think, is about as bad as it can get.  There is serious physical, mental,
> and economic harm.  There is more than just Mr. Willis.  His wife is
> sentenced to a lifetime of taking care of him, and his kids have lost a
> lot, all so you can prove how tough you are.

(Tr. 29).

{¶ 31} These statements by the trial court indicate that it made the first of the three findings, that consecutive sentences are necessary to punish the offender.  It stressed the need to punish the offenders because of the "great and unusual" harm done to the victim.  And it pointed out that this was the worst form of felonious assault because it left the victim paralyzed.  Similarly, the *Bonnell* Court found that it could discern from statements made by the trial court, which did not recite the statutory findings, that it made certain findings ("We can discern from the trial court's statement that Bonnell had 'shown very little respect for society and the rules of society' that it found a need to protect the public from future crime or to punish Bonnell. We also can conclude that the court found that Bonnell's 'atrocious' record related to a history of criminal conduct that demonstrated the need for consecutive sentences to protect the public from future crime.") *Bonnell*, at ¶33.  Thus, the trial court in this case made the first required finding at the sentencing hearing for imposing consecutive sentences.

{¶ 32} The court next spent some time talking to appellant and his co-defendants about where they hid the two guns after they fled the crime scene.  (Tr. 30-33).  They claimed they hid the two loaded firearms in an abandoned house.  (Tr. 30).  Later, the court found: "And I want to emphasize that the tampering [with

evidence] in most offenses probably should run concurrent because it is really part of just the offense, but, here, where it is a gun that is left out there for some kid to find, no, no. I mean, that to me makes a huge difference." (Tr. 33).

{¶ 33} These statements by the trial court at the sentencing hearing demonstrate that the court made the second required finding - that consecutive sentences are not disproportionate to the seriousness of the offender's conduct. The court was adamant that this was the most serious form of felonious assault and that while a tampering with evidence sentence is usually run concurrent with another sentence, this case was much more serious since the offenders left two loaded firearms hidden in a place children could find them. The trial court reiterated these findings in the sentencing entry where it found that appellant committed the worst form of the offense given that the injury was devastating and permanent. It noted that the victim was an employed husband and father of two, who is now paralyzed from the chest down. It also found consecutive sentences were necessary to punish appellant.

{¶ 34} The third required finding in this case falls under R.C. 2929.14(C)(4)(b), being that at least two of the multiple offenses were committed as part of one course of conduct, and the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflect the seriousness of the offender's conduct.

{¶ 35} The trial court referenced the single course of conduct when it made comments that appellant and his co-defendants hid the guns after fleeing the crime scene. (Tr. 30-33). It also found the harm caused by these offenses was both great and unusual. (Tr. 29). And as, quoted above, it set out its reasons for this finding as to both the felonious assault and as to the tampering with evidence. The court's comments demonstrated the finding required under R.C. 2929.14(C)(4)(b). The court recapped these findings in the sentencing entry. It found that appellant and his co-defendants fled the scene of the shooting and hid the car and the guns. And it again noted that both firearms are "still loaded and are still out there for someone to find."

Finally, as stated above, the court also found that consecutive sentences were necessary to punish appellant and protect the public.

**{¶ 36}** Because the record demonstrates that the court made all three necessary findings at the sentencing hearing and in the sentencing judgment entry, the trial court did not err in imposing consecutive sentences.

**{¶ 37}** Accordingly, appellant's sole assignment of error is without merit.

**{¶ 38}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, J., concurs.