[Cite as *State v. Bailey*, 2017-Ohio-5.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 16 JE 0003 |
| V. | ) | |
| | ) | OPINION |
| CAREY L. BAILEY, JR., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common
Pleas of Jefferson County, Ohio
Case No. 13 CR 75(C)

JUDGMENT:      Affirmed

APPEARANCES:
For Plaintiff-Appellee      Samuel A. Pate
Assistant Prosecuting Attorney
16001 State Route 7
Steubenville, Ohio 43952

For Defendant-Appellant      Carey L. Bailey, Jr. – Pro-se
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, Ohio 44030

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: January 3, 2017

DONOFRIO, P.J.

{¶1}   Defendant-appellant, Carey Bailey, Jr., appeals from a Jefferson County Common Pleas Court judgment overruling his motion to withdraw his guilty plea, for a new trial, and for a jury trial.

{¶2}   We set forth the facts as follow in appellant's direct appeal. *State v. Bailey*, 7th Dist. No. 13 JE 36C, 2014-Ohio-5720.

{¶3}   On April 16, 2013, appellant, along with Marlin Hartman, and David Hanlin, Jr. got into a verbal altercation with Zachary Willis, Demarcus Meeks, and possibly others at the Avalon Bar in Mingo Junction.  Appellant, Hartman, and Hanlin left the bar and drove to Meeks' house where they threatened to shoot Meeks' house and dog. Neighbors heard the threats and called Meeks, who was still at the Avalon Bar, to inform him of the threats.

{¶4}   Meeks, along with Willis, then left the bar and headed toward his house. On the way, Meeks and Willis encountered appellant, Hartman, and Hanlin who were on their way back to the Avalon Bar.  The two vehicles stopped. Hanlin remained in the car while the other occupants of the two vehicles exited.  Appellant then produced a 9 mm handgun and fired seven shots at Willis, striking him twice.  His injuries left him paralyzed.

{¶5}   Appellant, Hartman, and Hanlin fled the scene.  They hid the car they were driving and two guns.  They were later arrested.

{¶6}   A Jefferson County Grand Jury indicted appellant on one count of attempted murder, a first-degree felony in violation of R.C. 2903.02(A) and R.C. 2923.02(A), with a firearm specification; one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2), with a firearm specification; and one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1).

{¶7}   Appellant initially entered a not guilty plea. Several months later, however, appellant reached a plea deal with plaintiff-appellee, the State of Ohio. Pursuant to the plea deal, the state dismissed the attempted murder charge and accompanying firearm specification.  In exchange, appellant entered a guilty plea to

the remaining charges.

**{¶8}** The trial court subsequently sentenced appellant to eight years in prison for felonious assault, three mandatory years for the firearm specification, and 30 months for tampering with evidence. The court ordered the sentences to be served consecutively for a total of 13 and one-half years in prison.

**{¶9}** Appellant filed a direct appeal challenging his sentence. This court affirmed the trial court's judgment on December 23, 2014. *Bailey*, 2014-Ohio-5720.

**{¶10}** On September 14, 2015, appellant filed a pro se "Motion for Leave to File a Delayed Motion for a Withdraw of Guilty Plea Pursuant to Crim.R. 32.1; Motion for a New Trial Pursuant to Crim.R. 33; and Jury Trial Demand Pursuant to Crim.R. 23(A)." Appellant claimed he did not enter his plea knowingly, voluntarily, and intelligently based on the fact that his defense counsel would not object to prejudicial joinder with his co-defendants and counsel failed to advise him regarding the defense of "mere presence" at the scene of the crime.

**{¶11}** The trial court overruled appellant's motion without a hearing. The court cited appellant's sentencing judgment entry and stated:

> The sentencing Order of October 28, 2013 goes into great detail of Defendant's personal involvement with two (2) other Co-defendants in the Commission of the Offense. It was this Defendant who personally produced a 12 shot 9 mm handgun and fired seven (7) shots at the victim, striking his [sic.] twice. That was Defendant's personal involvement not "mere presence." Based on the evidence and statements at the plea hearing the Court also held in the Sentencing Order that "the Court specifically finds that all three (3) Co-defendants acted in concert, aiding, encouraging and inciting the others."

(Dec. 30, 2015 Judgment Entry).

**{¶12}** Appellant filed a notice of appeal on February 8, 2016. He then filed a motion to file a delayed appeal, which this court granted.

**{¶13}** Appellant, still acting pro se, now raises two assignments of error.

**{¶14}** Appellant's first assignment of error states:

THE SENTENCING COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY DENYING THE MOTION TO WITHDRAW HIS GUILTY PLEA; MOTION FOR NEW TRIAL WITH JURY TRIAL DEMAND, WITHOUT A HEARING.

**{¶15}** Appellant argues the trial court erred by not holding a hearing on his motion to withdraw his plea and motion for a new trial with jury demand. Appellant claims he pleaded guilty because his counsel advised him, "there is no way the court is going to believe you were not involved, you were present when the crime happen [sic.]" Appellant asserts that pleas induced by errors of defense counsel are invalid. He goes on to argue that he re-asserted his right to a jury trial and the trial court was required to hold a hearing on his motions.

**{¶16}** The decision whether to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶17}** Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule establishes a fairly stringent standard for deciding a post-sentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d at 526.

**{¶18}** The burden of establishing the existence of manifest injustice is on the individual seeking to vacate the plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Under the manifest injustice standard, a post-sentence motion to withdraw a plea is allowed only in extraordinary cases. *Id.* at

264. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." *Id.*, citing *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir. 1963).

**{¶19}** Furthermore, although there is no time limit to make this motion after a sentence is imposed, an undue delay between the time when the motion is filed and the reason for filing the motion is a factor adversely affecting the credibility of the movant. *Id.* at paragraph three of the syllabus.

**{¶20}** A hearing is not required on a post-sentence Crim.R. 32.1 motion if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn. *State v. Snyder*, 7th Dist. No. 08-JE-27, 2009-Ohio-4813, ¶ 15, citing *State v. Blatnik*, 17 Ohio App.3d 201, 204, 478 N.E.2d 1016 (6th Dist.1984). Thus, a defendant is only entitled to a hearing on a motion to withdraw if the trial court determines the defendant alleged facts sufficient to prove a manifest injustice. *Id.*

**{¶21}** Appellant admits in his brief that the trial court complied with Crim.R. 11(C)(2) in accepting his plea. Thus, appellant concedes that the trial court informed him of all necessary information and ensured that he was entering his plea knowingly, voluntarily, and intelligently.

**{¶22}** Appellant contends that he was entitled to a hearing on his motion because he was "merely present" at the scene of the crime and did not participate in the shooting. But appellant's own statements at his sentencing hearing directly contradict his argument here. At his sentencing hearing, appellant stated: "The only reason why I started shooting, which I am not denying that I did, was because I feared for my life. Everybody was talking about shooting each other, and, you know, I was drunk. I did what I thought was necessary." (Sentencing Tr. 28). Thus, appellant admitted he was not "merely present."

**{¶23}** Additionally, the trial court sentenced appellant on October 22, 2013. He did not file his motion to withdraw his plea until September 14, 2015, nearly two

years after being sentenced and nearly nine months after this court decided his direct appeal. This was an undue delay affecting appellant's credibility.

**{¶24}** Based on the above, appellant did not allege facts sufficient to prove a manifest injustice. Therefore, the trial court did not abuse its discretion in overruling appellant's motion without a hearing.

**{¶25}** Accordingly, appellant's first assignment of error is without merit and is overruled.

**{¶26}** Appellant's second assignment of error states:

> APPELLANT'S MERE PRESENCE AT THE SCENE OF A CRIME AND THE FACT THAT HE WAS ACQUAINTED WITH THE PERPETRATOR IS NOT SUFFICIENT PROOF, IN AND OF ITSELF, THAT APPELLANT WAS INVOLVED IN ANY CRIMINAL ACTS.

**{¶27}** Here appellant attempts to rehash the underlying facts of the case. He contends it was one of his co-defendants, and not him, who brandished a gun and fired the shots at Willis. He goes on to again claim that he was "merely present" with his co-defendants at the scene of the crime and there was no evidence that he aided or abetted them.

**{¶28}** Again, appellant ignores his own statements at his sentencing hearing where he plainly admitted that he shot the victim. Moreover, appellant would have been well aware of the facts of the case all along. He provides no explanation as to why he waited almost two years after his sentence was imposed to file his motion to withdraw his guilty plea.

**{¶29}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶30}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.