[Cite as *State v. Dixon*, 2015-Ohio-5277.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-432 |
| v. | : | (C.P.C. No. 14CR-2314) |
| Delaine D. Dixon, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 17, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Brian J. Rigg*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Delaine D. Dixon, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of aggravated robbery with a firearm specification and kidnapping. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 14, 2013, appellant and his accomplices gained entrance to an occupied residence on Lillian Lane in Columbus, Ohio and held the residents captive as they stole household goods. One of appellant's accomplices had befriended victim M.M. and "that relationship was used to facilitate the offense." (Tr. 15.) M.M. was described by the trial court as a "15-year-old victim who has cognitive delays and disabilities." (Tr. 14.)

{¶ 3} According to the prosecutor, during the burglary, appellant and his accomplices tied M.M. to a chair in his basement. Appellant then threatened M.M. while pointing a shotgun at his face. Upon leaving the victims' residence with the stolen property, appellant called his grandmother and instructed her to pick him up at a nearby gas station. Police apprehended appellant and his accomplices as they were carrying the stolen property into appellant's grandmother's home.

{¶ 4} On May 9, 2014, a Franklin County Grand Jury handed down a nine-count indictment charging appellant with one count of aggravated burglary, two counts of aggravated robbery, two counts of robbery, one count of kidnaping, and three counts of theft. Each count included a firearm specification. On February 23, 2015, appellant pleaded guilty to aggravated robbery with a firearm specification, in violation of R.C. 2911.01, a felony in the first degree, and kidnapping, in violation of R.C. 2905.01, also a felony in the first degree. The trial court entered a nolle prosequi as to the remaining counts in the indictment. Following a sentencing hearing, the trial court imposed a prison term of eight years for aggravated robbery, plus a three-year firearm specification and eight years for kidnapping. The trial court ordered appellant to serve each prison term consecutively for an aggregate term of 19 years.

{¶ 5} On April 21, 2015, appellant filed a timely notice of appeal to this court from the judgment of the trial court.

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant asserts a single assignment of error as follows:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY ORDERING HIM TO SERVE CONSECUTIVE SENTENCES THAT CONTRAVENE OHIO'S SENTENCING STATUTES AND PRINCIPLES AND VIOLATE HIS DUE PROCESS RIGHTS.

## III. STANDARD OF REVIEW

{¶ 7} R.C. 2953.08(G)(2) provides the appropriate standard of review "[o]n appeals involving the imposition of consecutive sentences." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 28. R.C. 2953.08(G)(2) provides, in relevant part, as follows:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

## IV. LEGAL ANALYSIS

{¶ 8} In his sole assignment of error, appellant contends that the trial court did not make all the factual findings required by R.C. 2929.14(C)(4) when it imposed a consecutive term of imprisonment. We disagree.

{¶ 9} At the outset of our discussion, we note that the trial court did not impose the maximum term of imprisonment either for the aggravated robbery conviction or the kidnapping conviction. We also note that Ohio law required the trial court to impose a consecutive three-year prison term for the firearm specification. R.C. 2929.14(E)(1)(a). Thus, the issue in this case is whether the trial court erred when it ordered consecutive sentences of eight years in prison for aggravated robbery and eight years in prison for kidnapping.

{¶ 10} R.C. 2929.14(C)(4) provides, in relevant part, as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> * * *

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 11} In order to comply with R.C. 2929.14(C)(4), a trial court imposing consecutive sentences must make at least three distinct findings: " '(1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b) or (c) applies.' " *State v. Hillman*, 10th Dist. No. 14AP-252, 2014-Ohio-5760, ¶ 63, quoting *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *Bonnell*.

{¶ 12} In *Bonnell*, the Supreme Court of Ohio held that a sentencing court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37. The court further stated that "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 13} With regard to the finding that "consecutive service is necessary to protect the public from future crime or to punish the offender," we note that the trial court made the following statement in response to appellant's claim that he did not understand the seriousness of the offense:

How is it that you did not know that you should not hold a shotgun to somebody's head? You didn't know that was a bad idea?

* * *

You did not understand that you could not break into someone's home with a shotgun, tie that person to a chair, and threaten them with that gun? You didn't understand how serious that was?

* * *

Not only did you attempt to get away with it, but as [the prosecutor] has pointed out, you called your grandmother to pick you up at a gas station at Livingston and Hamilton and put the stolen items in your car when your grandmother asked you not to do that, you decided to do it anyway. It could have been that you also got her in trouble based on your shenanigans and foolishness.

You are completely disrespectful of everyone with whom you interact.

(Tr. 8, 9, 12-13.)

{¶ 14} In our opinion, the trial court's comments regarding appellant's lack of understanding as to the seriousness of his criminal conduct and its finding that appellant is completely disrespectful of anyone with whom he interacts equates to a finding that consecutive service is necessary to protect the public from future crime or to punish appellant. *See Bonnell* at ¶ 33 ("We can discern from the trial court's statement that Bonnell had 'shown very little respect for society and the rules of society' that it found a need to protect the public from future crime or to punish Bonnell."). We note that the trial court made the additional finding that "I cannot say with certainty that this set of the circumstances is not likely to recur." (Tr. 18.) Although the trial court did not use the phrase "consecutive service is necessary to protect the public from future crime," the trial court's statements at the sentencing hearing can be reasonably construed as a finding by the trial court that appellant will likely reoffend, thus justifying a consecutive term of imprisonment. *Id.* at ¶ 22.

{¶ 15} As noted above, the Supreme Court in *Bonnell* stated that the sentencing court need not "give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record." *Id.* at ¶ 37. In this instance, we can discern from the transcript of the sentencing hearing that the trial court made the first required finding under R.C. 2929.14(C)(4).

{¶ 16} With regard to the required finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

offender poses to the public," we note that the trial court made the following statements at the sentencing hearing:

> So, * * * I have to look at some other issues to determine what sentence makes sense to me. I do not find that you were a follower in this instance. I find that you were primary in facilitating the terror that young [M.M.] had to endure by ensuring that [he] was tied up, by holding a weapon at his face, by calling your grandmother to meet you after you had committed this crime to take the stolen property back to her home, by putting her in a very difficult set of circumstances.
>
> You are not just a follower. You were more of a leader through all of this. * * * I believe that the minimum sanctions would demean the seriousness of this offense.

(Tr. 18.)

{¶ 17} The trial court also mentioned the "need to ensure the safety of the community." (Tr. 19.) When we consider the trial court's statements regarding the seriousness of appellant's criminal conduct and the need "to ensure the safety of the community," in combination with the trial court's declaration that "minimum sanctions would demean the seriousness of the offense," we conclude that the trial court made a finding that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Tr. 18, 19.) *Bonnell* at ¶ 22. Though the trial court did not employ the precise terminology of the statute, several appellate courts, including this court, have found similar language to be sufficient. *See, e.g.*, *State v. Adams*, 10th Dist. No. 13AP-783, 2014-Ohio-1809, ¶ 21 (sentencing court's "use of the phrase 'does not discredit the conduct or danger imposed by the defendant' shows that the trial court employed the required proportionality analysis in imposing a consecutive sentence * * * even though the trial court eschewed the phrase 'not disproportionate' "); *Hillman* at ¶ 68 (trial court's concerns about "any lesser sentence being demeaning to the seriousness of the offense because there were 'several different victims' in this case" amounts to a finding regarding the proportionality of consecutive sentences). As noted above, the Supreme Court in *Bonnell* determined that "a word-for-word recitation of the language of the statute is not required" to demonstrate compliance with R.C. 2929.14(C)(4). *Id.* at ¶ 29.

{¶ 18} Moreover, the trial court also made the following findings:

> I am dealing with a 15-year-old victim who has cognitive delays and disabilities and impairments * * *.
>
> * * *
>
> One of your codefendants was the alleged best friend of the victim, and that relationship was used to facilitate the offense, and * * * these crimes were committed as part of an organized criminal activity.

(Tr. 14, 15.) Based on these findings, the trial court concluded that appellant's criminal conduct was "more serious than conduct normally constituting [these] offenses." (Tr. 14.)

{¶ 19} The trial court's statements regarding the relative vulnerability of appellant's victim and the organized nature of appellant's criminal activity can be reasonably construed as a finding that consecutive sentences were necessary to protect the public from the danger appellant's criminal conduct poses to the public. *See State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 13 (trial court's statement that appellant's fraudulent charity scheme "prey[ed] upon * * * elderly sympathetic" victims who "were not rich people," supports the trial court's determination that consecutive sentences are not disproportionate to the danger appellant poses to the public). Similarly, the trial court's conclusion that appellant's criminal conduct was "more serious" than the conduct normally constituting the offenses indicates that the trial court engaged in the required proportionality analysis. (Tr. 14.) *See id.* at ¶ 17 ("The trial court's finding that appellant's criminal conduct was the worst and most serious type punishable under R.C. 1716.14 is indicative of the requisite proportionality analysis."). In consideration of the sentencing transcript and our precedent on this issue, we conclude that the trial court made the second required finding under R.C. 2929.14(C)(4).

{¶ 20} In addition to the findings required under R.C. 2929.14(C)(4), the trial court must support its decision to impose consecutive service by making one of the findings described in R.C. 2929.14(C)(4)(a) to (c). *Hillman* at ¶ 63; *Price* at ¶ 31. Under the circumstances of this case, the relevant finding is described in R.C. 2929.14(C)(4)(b) as follows: "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so

committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶ 21} In this case, the trial court specifically found that "[b]ecause these offenses occurred as a continuing course of conduct, those sentences are going to be imposed consecutively." (Tr. 19.) With regard to the great or unusual harm to the victim, the trial court stated: "I can't imagine how that young man must have felt to have a shotgun pointed at him and threatened, essentially, that if he continued to look at you, Mr. Dixon, I don't know what you might have done." (Tr. 15.) In *Price*, one of the issues for this court was whether the sentencing court made the finding required by R.C. 2929.14(C)(4)(b)(4) before imposing a consecutive sentence. In ruling that the sentencing court made the required finding, this court reasoned as follows:

> [T]he trial court specifically stated: "I needed to make the sentence sever[e] enough to show how serious what it was that you did. * * * I can't imagine what it's like to have a gun pointed at your head." This comment shows that the trial judge considered the nature of the harm appellant caused to his numerous victims as "great and unusual" and that he considered that harm in determining that a consecutive sentence was appropriate. * * * The record in this case confirms that appellant pointed a handgun at the head of multiple victims during the commission of the robberies on August 26, 2012.

*Id.* at ¶ 40.

{¶ 22} The trial court in this case made virtually the same statement at appellant's sentencing hearing as the sentencing court did in *Price*. We agree with our prior determination in *Price* and find that the trial court's statement to appellant at the sentencing hearing amounts to a finding that the harm to the victim from the aggravated robbery and kidnapping was so great or unusual that no single prison term for any of those two offenses adequately reflects the seriousness of appellant's conduct. Accordingly, it is our determination that the trial court made the third required finding before imposing consecutive sentences.

{¶ 23} Because the transcript of the sentencing hearing reveals that the trial court made the findings required by R.C. 2929.14(C)(4), we may not overturn the imposition of

consecutive sentences unless we find, clearly and convincingly, that the record does not support the sentencing court's findings or that the sentence is contrary to law. R.C. 2953.08(G); *Adams* at ¶ 7. The "clearly and convincingly" standard under R.C. 2953.08(G)(2) "is written in the negative which means that it is an 'extremely deferential standard of review.' " *Hargrove* at ¶ 22, quoting *State v. Bittner*, 2d Dist. No. 2013-CA-116, 2014-Ohio-3433, ¶ 9. *See also State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, ¶ 21; *State v. Moore*, 11th Dist. No. 2014-G-3183, 2014-Ohio-5182, ¶ 29; *State v. Hale*, 5th Dist. No. 14-CA-00014, 2014-Ohio-5028.

{¶ 24} Because this case involves a conviction on a plea of guilty, the trial court did not conduct an evidentiary hearing. The prosecutor's recitation of the facts at the sentencing hearing, to which appellant did not object, contains support for the trial court's findings of fact. Accordingly, it is our determination that the record contains ample support for the trial court's factual findings.

{¶ 25} Appellant next contends that the aggregate sentence of 19 years is contrary to law because the trial court failed to comply with the requirements of R.C. 2929.11(A). We disagree.

{¶ 26} R.C. 2929.11(A) provides as follows:

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 27} In *State v. Allen*, 10th Dist. No. 10AP-487, 2011-Ohio-1757, we made the following relevant observations regarding the felony sentencing guidelines:

> A trial court must consider the "overriding purposes" of sentencing, which, under R.C. 2929.11(A), "are to protect the public from future crime by the offender and others and to punish the offender." And, the court must apply R.C. 2929.12,

which requires a court to consider the seriousness of the offense and whether the offender is a recidivist. Appellant argues that the trial court did not apply those statutes. In the sentencing entry, however, the court stated that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." *That language in a judgment entry belies a defendant's claim that the trial court failed to consider the purposes and principles in sentencing, pursuant to R.C. 2929.11(A) * * *.  State v. Small*, 10th Dist. No. 09AP-1175, 2010-Ohio-5324, ¶ 16.

(Emphasis added.)  *Id.* at ¶ 22.

{¶ 28} The trial court expressly referred to the statutory requirements at the sentencing hearing.  Additionally, the trial court stated in its sentencing entry that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11."  *Id.* Thus, the trial court's statements both in the judgment entry and at the sentencing hearing belie appellant's claim that the trial court failed to consider the purposes and principles set out in R.C. 2929.11(A) when it sentenced him to an aggregate prison term of 19 years.  *Allen.  See also State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 7. Although appellant disagrees with the weight the trial court gave to certain factors set out in R.C. 2929.11(A), the record shows that the trial court considered and weighed all the relevant factors before imposing sentence.  Accordingly, the sentence is not contrary to law.  *Allen*; *Ayers.  See also* R.C. 2953.08(G)(2)(b).

{¶ 29} For the foregoing reasons, we hold that the trial court did not err when it sentenced appellant to an aggregate prison term of 19 years.  Accordingly, appellant's sole assignment of error is overruled.

{¶ 30} Although we have overruled appellant's assignment of error, the *Bonnell* case holds that Ohio's consecutive sentencing laws require the trial court to (1) make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing, and (2) incorporate its findings into its sentencing entry.  *Id.* at ¶ 30.  In this case, the trial court made the required R.C. 2929.14(C)(4) findings at the sentencing hearing but did not incorporate its findings into the judgment entry.  The relevant portion of the trial court's judgment entry states only that "the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14."  (Apr. 2, 2015 Judgment Entry, 2.)  Pursuant to

*Bonnell*, "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 30. Consistent with *Bonnell* and the precedent of this court, we shall remand this case to the trial court for a nunc pro tunc judgment entry incorporating the R.C. 2929.14 findings stated on the record. *Hargrove* at ¶ 25; *Hillman* at ¶ 71; *Price* at ¶ 42.

## V. CONCLUSION

{¶ 31} Having overruled appellant's sole assignment of error, but having found that the trial court's judgment entry contains a clerical error, we affirm the judgment of the Franklin County Court of Common Pleas and remand the matter for the issuance of a nunc pro tunc judgment entry consistent with this decision and the rule of law in *Bonnell*.

*Judgment affirmed*;
*cause remanded with instructions.*

BROWN, P.J., and HORTON, J., concur.

————————————