[Cite as *State v. Smoot*, 2016-Ohio-1088.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | No. 15AP-713 |
| | | (C.P.C. No. 11CR07-3696) |
| Plaintiff-Appellee, | : | No. 15AP-714 |
| | | (C.P.C. No. 11CR09-4728) |
| v. | : | No. 15AP-716 |
| | | (C.P.C. No. 11CR09-4727) |
| Kevante D. Smoot, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 17, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *George M. Schumann*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Kevante D. Smoot, appeals from judgments of conviction entered by the Franklin County Court of Common Pleas in these three cases. For the following reasons, we affirm those judgments.

I. **Factual and Procedural Background**

{¶ 2} In 2011, appellant was indicted in these three separate cases. In 2012, he pled guilty to single counts in each case and was placed on community control for a three-year period. The trial court notified him that if his community control was revoked, he would be sentenced to consecutive prison terms in the three cases. *See State v. Smoot*, 10th Dist. No. 14AP-671, 2015-Ohio-1105.

{¶ 3} In 2014, appellant's probation officer filed a request to revoke appellant's community control. The request alleged eight violations of the terms and conditions of appellant's community control, including convictions for OVI and criminal trespass, a guilty plea to a count of theft for which he failed to report to sentencing, positive drug screens, failures to report for random urine screens, and scheduled office visits. The trial court found that appellant violated his community control, revoked appellant's community control, and imposed a prison sentence in one case and ordered that sentence to be served consecutively to one prison term and concurrently to another prison term in the two other cases. On appeal, this court reversed, concluding that the trial court erred by not making the required findings before imposing consecutive sentences. Accordingly, we remanded the matter for resentencing. *Id.* at ¶ 11.

{¶ 4} On remand, the trial court again sentenced appellant to a prison sentence on one case and again ordered the sentence to be served consecutively to one prison term and concurrently to the other prison term in the two other cases.

## II. Appellant's Appeal

{¶ 5} Appellant again appeals and assigns the following error:

> The Trial Court erred in making the R.C. 2929.14(C) consecutive sentence findings without any factual basis in the record to support those findings.

{¶ 6} In order to impose consecutive terms of imprisonment, a trial court is required to make at least three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one of the subsections (a), (b), or (c) applies. R.C. 2929.14(C)(4); *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177. Here, the trial court found that R.C. 2929.14(C)(4)(c) applied, stating that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes of the offender." (Tr. 6.) In this assignment of error, appellant concedes that the trial court made these required findings. However, appellant argues that the record does not support those findings. We disagree.

{¶ 7} Once a trial court makes the findings required by R.C. 2929.14(C)(4), we may not overturn the imposition of consecutive sentences unless we find, clearly and convincingly, that the record does not support the sentencing court's findings or that the sentence is contrary to law. R.C. 2953.08(G); *State v. Dixon*, 10th Dist. No. 15AP-432, 2015-Ohio-5277, ¶ 23. The term "record" as used in R.C. 2953.08(G)(2) is very broad. It encompasses all of the proceedings before the court, not just the sentencing. Therefore, to the extent appellant argues that there was no support for the trial court's findings presented at his sentencing hearing, we conclude that such support may appear anywhere in the trial court record and not just at the sentencing hearing. *State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, ¶ 22; *State v. Price*, 10th Dist. No. 03AP-459, 2004-Ohio-1223, ¶ 15, citing R.C. 2953.08(F).

{¶ 8} In light of the numerous charges appellant originally faced, the multitude of community control violations, including criminal offenses committed while on community control, and his apparent inability to control his abuse of drugs, all of which may be considered by the trial court in imposing sentence, we cannot find by clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to law. *State v. Artz*, 2d Dist. No. 2014-CA-34, 2015-Ohio-3789, ¶ 22; *State v. Caldwell*, 11th Dist. No. 2002-L-142, 2003-Ohio-6964, ¶ 26-30. Accordingly, we overrule appellant's assignment of error.

## III. Conclusion

{¶ 9} Having overruled appellant's assignment of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

SADLER and LUPER SCHSUTER, JJ., concur.

_____