[Cite as *State v. Rodriquez*, 2017-Ohio-1318.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

      CASE NO. 4-16-16

      v.

SCOTTY RODRIQUEZ,

      O P I N I O N

      DEFENDANT-APPELLANT.

---

**Appeal from Defiance County Common Pleas Court**
**Trial Court No. 15-CR-12330**

**Judgment Affirmed**

**Date of Decision:  April 10, 2017**

---

APPEARANCES:

    *Mary Catherine O'Neill and Bret Jordan* for Appellant

    *Russell R. Herman* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Scotty Rodriquez ("Rodriquez') brings this appeal from the judgment of the Court of Common Pleas of Defiance County finding him guilty after he entered a no contest plea and for imposing consecutive sentences. Rodriquez also claims that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On August 13, 2015, the Defiance County Grand Jury indicted Rodriquez on three counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1)(C)(4). Doc. 1. Rodriquez entered pleas of not guilty to all of the charges. Doc. 6. On May 19, 2016, a change of plea hearing was held. Doc. 15. At the hearing, Rodriquez entered pleas of no contest to all of the counts of the indictment. *Id.* The trial court then accepted the plea of no contest and found Rodriquez guilty of the offenses charged. *Id.* A sentencing hearing was then held on July 12, 2016. Doc. 17. The trial court then ordered that Rodriquez serve prison terms of five years each for Counts 1 and 3, with the terms to be served consecutive. *Id.* The trial court also ordered Rodriquez to serve a prison term of 36 months for Count 2 and ordered that this term be served concurrent to the others for an aggregate prison term of ten years. *Id.* Rodriquez then filed a timely appeal from this judgment. Doc. 19. On appeal, Rodriquez raises the following assignments of error.

**First Assignment of Error**

**The trial court erred in finding [Rodriquez] guilty as [Rodriquez] never entered a plea in the instant matter.**

**Second Assignment of Error**

**The trial court erred by proceeding to sentence after the State did not adhere to their portion of the plea agreement.**

**Third Assignment of Error**

**[Rodriquez] received ineffective assistance of counsel.**

**Fourth Assignment of Error**

**The trial court erred by sentencing [Rodriquez] to consecutive sentences by failing to engage in the three step analysis required by [R.C. 2929.14(C)] and the supporting case law.**

On January 25, 2017, Rodriquez filed a supplemental brief raising two additional assignments of error based upon a ruling by the Supreme Court of Ohio in *State v Gonzales*, ___ Ohio St.3d ___, 2016-Ohio-8319, ___ N.E.2d ___. Rodriquez raised two additional assignments of error.

**First Supplemental Assignment of Error**

**The trial court erred in finding [Rodriquez] guilty as [Rodriquez's] alleged plea was not made knowingly, intelligently and voluntarily pursuant to Crim.R. 11 in the instant matter.**

**Second Supplemental Assignment of Error**

**[Rodriquez] received ineffective assistance of counsel.**

For the purpose of clarity, we will address the assignments out of order.

*Entering a No Contest Plea*

{¶3} In the first assignment of error, Rodriquez claims that he never actually entered a plea of no contest. In cases involving felonies, a trial court may refuse to accept a plea of no contest and may not accept such a plea without first personally addressing the defendant and doing all of the following: 1) determining that the plea is being voluntarily entered with knowledge of the nature of the charges, potential sanctions, and eligibility for community control sanctions; 2) informing the defendant of and determining that the defendant understands the effect of the plea being entered, and informing the defendant that the trial court may proceed directly to sentencing; and 3) informing the defendant and determining that the defendant understands the rights he is waiving by entering the plea. Crim.R. 11(C)(2).

{¶4} A review of the record in this case indicates that the following dialogue occurred.

> **The Court: Based upon those discussions at this time you're asking leave to withdraw the not guilty pleas previously tendered, tendering pleas of no contest to all three counts, Trafficking in Cocaine, A felony of the First Degree; Trafficking in Cocaine, a Felony of the Third Degree; Trafficking in Cocaine, a Felony of the First Degree?**
>
> **Mr. Seibel [counsel for Rodriquez]: Correct.**
>
> **The Court: Mr. Rodriquez, do you understand what's being said on your behalf there?**

> **[Rodriquez]: Yes, Sir.**
> **The Court: Is that what you want to do?**
>
> **[Rodriquez]: Yes, Sir.**
>
> **The Court: Are you satisfied with Mr. Seibel's legal services in these matters?**
>
> **[Rodriquez]: Yes, sir.**

May 19, 2016 Tr. 3-4. The trial court then proceeded to conduct the Criminal Rule 11 colloquy with Rodriquez. *Id*. at 4-10. Following that, the trial court again questioned Rodriquez about the plea.

> **The Court: In light of all the things I've told you about, all the rights you give up by entering pleas of no contest, possible penalties involved for these Two First Degree Felonies and the Third Degree Felony, specifically the fact that those First Degree Felonies are mandatory imprisonment offenses, mandatory fine offenses, the fact again there's no recommendation that is part of the plea proposal here. Taking all those things into account; do you believe the pleas here to be in your best interest?**
>
> **[Rodriquez]: Yes, Sir.**
>
> **The Court: Are those pleas then of your own free will?**
>
> **[Rodriquez]: Yes, Sir.**
>
> **The Court: Did anyone tell you how to answer the questions I've asked you here today?**
>
> **[Rodriquez]: No, Sir.**
>
> **\* \* \***
>
> **The Court: Are there any questions you want to ask me about these plea proceedings?**

> **[Rodriquez]: No, Sir.**
> **\* \* \***
>
> **The Court: The Court will accept the no contest pleas. \* \* \* The Court will enter findings of guilty. \* \* \***

*Id*. at 10-12. Although Rodriquez did not specifically state that he was changing his not guilty pleas to ones of no contest, that is what can be inferred from the record. "A judge properly accepts a defendant's plea of guilty to an offense when the record shows he substantially complied with the requirements of Crim.R. 11(C) and the totality of the circumstances shows the defendant subjectively understood the implications of his plea." *State v. McGuire*, 8th Dist. Cuyahoga No. 86608, 2006-Ohio-1330, ¶ 14. Although *McGuire* discussed accepting a guilty plea, the same logic applies to the acceptance of a no contest plea. The record before this court shows that the trial court fully complied with the requirements of Criminal Rule 11 Additionally, the record shows that the defendant was fully aware of what was occurring and that he intended to change his pleas from not guilty to ones of no contest. Thus, the trial court did not err in accepting the pleas of no contest as entered by Rodriquez. The first assignment of error is overruled.

*Knowingly Entering a Plea*

{¶5} Rodriquez argues in his first supplemental assignment of error that he did not voluntarily enter his plea of no contest because at the time of the plea, neither he nor the State was aware of what the State was actually required to prove if the

matter went to trial. Rodriquez claims that both sides were operating under the mistaken belief that the State only had to prove the weight of the cocaine including any filler used to "cut" the drug. On December 23, 2016, the Supreme Court of Ohio held that to enhance the offense the State was required to prove the actual weight of the cocaine itself, not the cocaine with the filler. *State v. Gonzales*, ____ Ohio St.3d ____, 2016-Ohio-8319, ____ N.E.2d ____. In *Gonzales*, Court was asked to resolve a conflict between the districts and answer the following certified question: "Must the state, in prosecuting cocaine offenses involving mixed substances under R.C. 2925.11(C)(4)[(b)] through (f), prove that the weight of the cocaine meets the statutory threshold, excluding the weight of any filler materials used in the mixture?" *Gonzales, supra* at ¶ 1. The Court, in a plurality opinion with four justices agreeing for different reasons, answered the question in the affirmative. *Id*. This conclusion was then expanded to include those charged with trafficking in cocaine as charged under R.C. 2925.03. *State v. Sanchez*, ___ Ohio St.3d ___, 2016-Ohio-8470, ___ N.E.3d ___. However, the State filed a motion for reconsideration of the decision in *Gonzales* and the motion was granted. On March 6, 2017, the Court vacated its prior opinion. *State v. Gonzales*, ____ Ohio St.3d ____, 2017-Ohio-777, ____ N.E.3d ____. This opinion answered the certified question in the negative. The Court concluded "that the applicable offense level for cocaine

possession under R.C. 2925.11(C)(4) is determined by the total weight of the drug involved, including any fillers that are part of the usable drug." *Id*. at ¶ 18.

{¶6} At the time of the change of plea, both the State and Rodriquez understood the law as allowing the weight of the filler to be considered when determining the level of the offense. The prior opinion of the Supreme Court of Ohio indicated that this interpretation was in error. However, the Court has vacated that prior opinion and held that the law allowed for the weight of any filler to be considered. There was no mistake by the parties as to what had to be proven by the State to obtain a conviction on the offenses charged. The record contains no evidence that the plea was not knowingly, voluntarily, and intelligently entered. Thus, the first supplemental assignment of error is overruled.

*Adherence to Plea Agreement*

{¶7} Rodriquez argues in his second assignment of error that the trial court erred by proceeding to sentencing when the State violated the terms of the plea agreement. This court notes that no written plea agreement is found in the record. Thus, the only indication we have as to the terms of the agreement is what is stated at the hearing. At the May 19, 2016, hearing, the State recited the plea agreement as follows.

> **Mr. Furnas: It's my understanding the Defendant will be entering no contest pleas with a stipulation of the facts to all three counts. He would then be requesting that an open sentencing take place. Right at this time we do not have any recommendation.**

> **The Court:  Both mandatory prison and mandatory fines –**
>
> **Mr. Furnas:  Yes.**
>
> **The Court:  -- on the Ones, but not the Three?**
>
> **Mr. Furnas:  That's correct.  Had he had a prior drug abuse offense it would be mandatory on the Three, but since he does not it's not mandatory.**
>
> **The Court:  But the Ones are mandatory threes – mandatory three years up to eleven.**
>
> **Mr. Furnas:  Correct.**
>
> **The Court:  And $10,000.00 mandatory fines?**
>
> **Mr. Furnas:  Correct.**
>
> **The Court:  Mr. Siebel, is that your understanding?**
>
> **Mr. Seibel:  Yes, Sir, it is.**

May 19, 2016 Tr. 2-3.  Rodriquez then confirmed that this was his understanding as well.  *Id*. at 4.

{¶8} At the sentencing hearing, the State recommended an aggregate sentence of twelve years.  Counsel for Rodriquez then made the following statements.

> **Mr. Seibel:  * * * The reason that we have an open sentencing is we weren't able to reach an agreement during our pre-trial negotiations.  I think we had talked about a tail of five years and a tail – and I personally felt that was excessive considering the nature of the situation.  And I talked to [Rodriquez] about it, and I said why don't we just plea this charge and you can make your argument to the Court, I'll make my argument to the Court.**

July 12, 2016 Tr. 3-4. The record clearly shows that Rodriquez and the State had not reached an agreement as to the sentencing. When there is no agreement as to sentencing, the State is free to request any sentence it wishes. *State v. Shepherd*, 3d Dist. Hardin No. 6-09-14, 2010-Ohio-482, ¶ 18. As there was no agreement on sentencing, the State did not violate the terms of the plea agreement. The second assignment of error is overruled.

*Ineffective Assistance of Counsel*

{¶9} The third assignment of error and the second supplemental assignment of error both allege that Rodriquez was denied the effective assistance of counsel.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."** *State v. Hester* **(1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."** *State v. Lytle* **(1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.** *See Vaughn v. Maxwell* **(1965), 2 Ohio**

**St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164; *State v. Jackson*, 64 Ohio St.2d at 110–111, 18 O.O.3d at 351, 413 N.E.2d at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, ¶ 20.

{¶10} Rodriquez claims that his counsel was ineffective by not objecting to the State making a sentencing recommendation. This claim was addressed in the second assignment of error. This court determined that there was no agreement as to sentencing. Thus, counsel did not err by not objecting to the State's recommendation. Without a substantial violation, there can be no ineffective assistance of counsel. The third assignment of error is overruled.

{¶11} In the second supplemental assignment of error, Rodriquez argues that his counsel was ineffective for failing to raise the issue of the actual amounts of cocaine as was raised in *Gonzales*. As discussed above, the Supreme Court of Ohio has vacated the original *Gonzales* opinion upon reconsideration and has since determined that the actual amounts of cocaine are irrelevant. *State v. Gonzales*, ____ Ohio St.3d ____, 2017-Ohio-777, ____ N.E.3d ____. Instead the Court held that the total weight includes the weight of any fillers that are part of the usable drug. *Id*. at ¶ 18. Since this is the law Rodriquez's counsel was not ineffective for

not raising the issue of the actual amounts of cocaine. The second supplemental assignment of error is overruled.

*Consecutive Sentences*

{¶12} Finally, Appellant claims in his fourth assignment of error that the trial court erred by imposing consecutive sentences. Prior to imposing consecutive sentences, the trial court must make certain findings.

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, 2929.18], or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4).

Case No. 4-16-16

> **In order to comply with R.C. 2929.14(C)(4), a trial court imposing consecutive sentences must make at least three distinct findings: '"(1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b) or (c) applies."'**

*State v. Dixon*, 10th Dist. Franklin No. 15AP-432, 2015-Ohio-5277, ¶ 11, quoting

*State v. Hillman*, 10th Dist. Franklin No. 14AP-252, 2014-Ohio-5760, ¶ 63, quoting

*State v. Price*, 10th Dist. Franklin No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177. Criminal Rule 32(A) requires that at the time of imposing sentence in serious offenses, the trial court must state its statutory findings. Crim.R. 32(A)(4). The Supreme Court of Ohio has held that this means that "[w]hen imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing". *Bonnell*, *supra* at ¶ 29. Although the trial court need not give a "talismanic incantation of the words of the statute", the necessary findings must be found in the record and incorporated into the sentencing entry. *Id*. at 37. Here, the trial court made the following relevant statements regarding the sentence at the sentencing hearing.

> **He'll be sentenced to basic prison terms of five years at the Ohio Department of Rehabilitation and Corrections at Orient on each of those First Degree Felonies. Those will be imposed consecutively with each other for an accumulative ten years [sic] term. Those will be designated mandatory prison terms. Concurrent thirty-six month term on the Third Degree Felony will be imposed. Costs will be assessed to the Defendant. Reimbursement will be ordered to the MAN Unit in the amount**

-13-

> **of twenty-three hundred dollars. Court will accept his affidavit of indigency and not impose mandatory fines, would otherwise be required.**
>
> **It's the determination of the Court that the consecutive terms are necessary to protect the public in light of the serious amount of drugs involved in this matter, his ongoing significant criminal history, the threat that he poses to the community by continued criminal behavior.**

Doc. 24 at 12-13. A review of the record indicates that the trial court determined that consecutive sentences were necessary to protect the public, that Rodriquez had a lengthy criminal history, and that his crimes involved a serious amount of drugs. Although the trial court could have been clearer in the language used at the hearing, the statements of the trial court regarding the serious amount of drugs involved and the danger to the public equate "to a finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public". *State v. Fields*, 10th Dist. Franklin No. 16AP-417. 2017-Ohio-661, ¶20. These statements allow this court to determine that the trial court engaged in the correct analysis as to the proportionality of the sentence. A review of the record shows that the evidence was sufficient to support the trial court's findings. The trial court then made all the necessary findings in the sentencing entry. Thus, the trial did not fail to consider the proportionality of the sentence and the fourth assignment of error is overruled.

{¶13} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Defiance County is affirmed.

***Judgment Affirmed***

**PRESTON, P.J. and SHAW, J., concur.**

**/hls**