[Cite as *State v. Perez*, 2018-Ohio-635.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 4-17-12

    v.

ORLANDO PEREZ, JR.,                    O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Defiance County Common Pleas Court**
**Trial Court No. 16 CR 12613**

**Judgment Affirmed**

**Date of Decision:   February 20, 2018**

---

APPEARANCES:

    *Eric Allen Marks* for Appellant

    *Russell R. Herman* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Orlando Perez, Jr. ("Perez"), appeals the January 24, 2017 judgment entry of the Defiance County Common Pleas Court imposing consecutive sentences after he pled guilty to two counts of trafficking in cocaine. For the reasons set forth below, we affirm the judgment of the trial court.

{¶2} On July 21, 2016, Perez was indicted on four criminal charges in Defiance County: Count One, Trafficking in Cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(f), a felony of the first degree; Count Two, Trafficking in Cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(g), a felony of the first degree; Count Three, Trafficking in Cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(g), a felony of the first degree; and Count Four, Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32(A)(1)(B)(1), a felony of the first degree. Major Drug Offender ("MDO") Specifications, in violation of R.C. 2941.1410(A) were contained in Counts Two and Three. Count Three also contained Forfeiture Specifications (of money in a drug case and automobile in a drug case), in violation of R.C. 2941.1417(A). (Doc 2).

{¶3} At his arraignment on January 26, 2016, Perez entered a plea of not guilty on all charges. (Doc. 9). On November 23, 2016 the trial court conducted a change of plea hearing. At the hearing, Perez entered pleas of guilty to Counts One and Three of the indictment, with the State dismissing the MDO specification in

both counts. (Doc. 16). Perez also pled guilty to the Forfeiture Specification in Count Three. (*Id.*) However, the record is silent as to the dismissal of Count Two and Four. The trial court accepted Perez's guilty pleas and ordered a Pre-Sentence Investigation. *Id.* A sentencing hearing was held in the trial court on January 23, 2017 wherein Perez was sentenced to a seven-year prison term for each count (one and three), with the terms to be served consecutive, for an aggregate prison term of fourteen years. (Doc. 17). Perez filed a motion for leave to file delayed notice of appeal on July 31, 2017 and we granted that request on September 8, 2017. Perez appeals the sentencing entry of the trial court, filed January 24, 2017, raising the following sole assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SEVEN-YEAR PRISON TERMS FOR AN AGGREGATE TERM OF FOURTEEN YEARS.**

{¶4} In his sole assignment of error, Perez argues that the trial court erred in imposing consecutive prison terms. Specifically, Perez contends that the trial court failed to make the required factual findings on the record before imposing consecutive sentences and questions whether a finding of proportionality can be inferred from the trial court's findings.

Case No. 4-17-12

*Standard of Review*

**{¶5}** A sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ward*, 3d Dist. Crawford No. 3-17-02, 2017-Ohio-8518. *See* R.C. 2953.08(G).

*Analysis*

**{¶6}** Before consecutive sentences may be imposed, the trial court is required to make findings in accordance with R.C. 2929.14. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender". R.C. 2929.14(C)(4). Second, the sentencing court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public". *Id*. And finally, the sentencing court must find the existence of one of the three following circumstances: (a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing * * * or was under post-release control for a prior offense; (b) * * * the harm caused by * * * the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's

-4-

conduct; (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *State v. Dixon*, 10th Dist. Franklin No. 15AP-432, 2015-Ohio-5277, ¶11, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

**{¶7}** Further, Criminal Rule 32(A) requires that at the time of imposing sentence in a serious offense, the trial court must state its statutory findings and give reasons supporting its findings if appropriate. Crim.R. 32(A)(4). The Supreme Court of Ohio has held this to require: "[w]hen imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing". *Bonnell*, *supra* at ¶29. However, The Supreme Court further determined that the trial court is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry". *Id*. at ¶37.

**{¶8}** In the case before us, the trial court made the following statements regarding its sentencing of Perez at the sentencing hearing:

> **"It is Ohio's prerogative to attempt to address the harm of major drug trafficking with a different set of available sanctions.**
>
> **And his history demonstrates that he's just an overall danger to the community. He's clearly a destructive element. I mean it's significant drug trafficking coupled with all the other events from assaults to robbery to the - - Considering all the statutory sentencing factors, the ongoing pattern of serious criminal behavior, the harm caused in the community by this type of behavior, his miserable prior criminal history, it's the judgment**

**of the Court he be sentenced to basic prison terms of seven years at the Ohio Department of Rehabilitation and Corrections on each of these First Degree Felonies. Those terms designated as mandatory terms of imprisonment. The Court determines the consecutive terms are necessary to protect the public to adequately punish the offenses involved."**

(Tr. Pg. 13).

{¶9} In reviewing the record, it is clear to us that the trial court determined consecutive sentences were necessary to protect the public because Perez had a lengthy criminal history and that the crime at the heart of his case involved major drug trafficking. Although the trial court could have been clearer in its sentencing language (used at the hearing) to justify its imposition of consecutive terms of imprisonment, its findings that Perez: 1) was a major drug trafficker, 2) had an extensive criminal history and 3) presented a danger to the public, were synonymous to findings that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public". *See State v. Rodriquez*, 3d Dist. Defiance No. 4-16-16, 2017-Ohio-1318, citing *State v. Fields*, 10th Dist. Franklin No. 16AP-417, 2017-Ohio-661, ¶20.

{¶10} Thus, in our review of the record, we find that competent and credible evidence exists supporting the required statutory findings under Crim.R. 32(A)(4), that the required findings were made, and that the trial court engaged in an acceptable analysis as to the proportionality of its consecutive sentencing of Perez. Furthermore, in its judgment entry of sentencing, the trial court made all of the

required statutory findings. As such, Perez has failed to show, by clear and convincing evidence, that the trial court's sentence is disproportionate and unsupported by the record. Accordingly, we find Perez's sole assignment is not well taken and overruled.

{¶11} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Defiance County Common Pleas Court is hereby affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**