[Cite as *State v. Fields*, 2017-Ohio-661.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-417 |
| v. | : | (C.P.C. No. 15CR-2099) |
| Aaron S. Fields, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 23, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued:** *Michael P. Walton*.

**On brief:** *Giorgianni Law LLC*, and *Paul Giorgianni*, for appellant. **Argued:** *Paul Giorgianni*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Aaron S. Fields, appeals from a judgment of the Franklin County Common Pleas Court convicting him of aggravated vehicular homicide and aggravated vehicular assault. For the reasons that follow, we reverse and remand with instructions.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On January 30, 2015, a vehicle operated by appellant went left of center and struck another vehicle occupied by the driver and three passengers. Two of the occupants in the vehicle died as a result of the collision and the other two sustained serious injuries.

Testing revealed that appellant's blood contained four times the legal limit of Delta-9-Tetrahydrocannabinol (THC), the marijuana metabolite.

{¶ 3} On April 28, 2015, a Franklin County Grand Jury issued a ten-count indictment charging appellant with the following offenses: two counts of aggravated vehicular homicide, in violation of R.C. 2903.06, felonies of the first degree; two counts of aggravated vehicular homicide, in violation of R.C. 2903.06, felonies of the second degree; two counts of aggravated vehicular assault, in violation of R.C. 2903.08, felonies of the second degree; two counts of vehicular assault, in violation of R.C. 2903.08, felonies of the third degree; and two counts of operating a vehicle under the influence of alcohol or drugs, in violation of R.C. 4511.19, misdemeanors of the first degree. On April 11, 2016, in case No. 15CR-2099, appellant pled guilty to two counts of aggravated vehicular homicide, in violation of R.C. 2903.06, felonies of the first degree, and two counts of aggravated vehicular assault, in violation of R.C. 2903.08, felonies of the second degree. On application of the prosecuting attorney, the trial court dismissed the remaining counts.

{¶ 4} On May 4, 2016, the trial court held a sentencing hearing. On May 5, 2016, the trial court sentenced appellant to a term of imprisonment of seven years for each of the two first-degree felony convictions and three years on each of the two second-degree felony convictions. The trial court ordered appellant to serve the prison terms consecutively in case No. 15CR-2099, for a total of 20 years in prison. The trial court also sentenced appellant to 180 days in prison in another case, case No. 15CR-4068, to be served concurrently with his sentence in case No. 15CR-2099.

{¶ 5} Appellant timely appealed to this court from the judgment of the trial court.

## II.  ASSIGNMENTS OF ERROR

{¶ 6} Appellant assigns the following three assignments of error:

> 1. The trial court imposed consecutive terms of imprisonment without making the findings of fact mandated by R.C. 2929.14(C)(4) and *State v. Bonnell* 140 Ohio St.3d 209, 2014-Ohio-3177.
>
> 2. The trial judge erroneously found that the defense did not recommend a sentence.

3. The trial judge erroneously gave zero jail time credit and failed to give 336 days of jail time credit.

## III. STANDARD OF REVIEW

{¶ 7} "R.C. 2953.08(G)(2) provides the appropriate standard of review '[o]n appeals involving the imposition of consecutive sentences.' " *State v. Dixon*, 10th Dist. No. 15AP-432, 2015-Ohio-5277, ¶ 7, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 28. R.C. 2953.08(G)(2) provides, in relevant part, as follows:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 8} The "clearly and convincingly" standard under R.C. 2953.08(G)(2) "is written in the negative which means that it is an 'extremely deferential standard of review.' " *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 22, quoting *State v. Bittner*, 2d Dist. No. 2013-CA-116, 2014-Ohio-3433, ¶ 9.

## IV. LEGAL ANALYSIS

### A. First Assignment of Error

{¶ 9} In appellant's first assignment of error, appellant argues the trial court did not make the factual findings required by R.C. 2929.14(C)(4) when it imposed a consecutive term of imprisonment. We disagree.

{¶ 10} R.C. 2929.14(C)(4) provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the

> public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} "In order to comply with R.C. 2929.14(C)(4), a trial court imposing consecutive sentences must make at least three distinct findings: ' "(1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b) or (c) applies." ' " *Dixon* at ¶ 11, quoting *State v. Hillman*, 10th Dist. No. 14AP-252, 2014-Ohio-5760, ¶ 63, quoting *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *Bonnell*.

{¶ 12} At the sentencing hearing, the trial court made the following findings in support of consecutive sentences:

> THE COURT: [Y]ou were on post-release control, or parole, when this happened in the first place, and you have had a history of making bad choices and you -- several people, beginning when you were 14, tried to save you from those choices. But, unfortunately, you continued to make them; and there were consequences to those bad choices, first starting with an assault charge, digging your nails into somebody, and leading up to a burglary charge when you put a gun to

someone's head and then onto this case where two people have died and two people were injured; and so there could -- *I don't know what consequences there could be to more people considering more bad choices that you might make.*

So considering all of that, I'm going to -- in Case No. 15CR-2099, I'm going to sentence you to seven years on Count One, seven years on Count Two, three years on Count Five, three years on Count Six; and in Case No. 15CR-4068, 180 days. All of the counts in 2099 will be consecutive to each other and concurrent to 15CR-4068, for a total of 20 years.

* * *

*There's essentially seven years for each person that's dead and three years for each person that's injured.*

* * *

For the record, it has already been stated that *this was committed while* [*appellant*] *was on post-release control. I do not think that a single prison sentence could adequately reflect the seriousness of the conduct, and* [*appellant's*] *history of criminal conduct demonstrates that consecutive sentences are necessary.*

(Emphasis added.) (Tr. at 47-49.)

{¶ 13} Though the trial court used some of the statutory terminology in making its findings regarding consecutive sentences, the trial court's findings are not a verbatim recitation of the statutory language. "In *Bonnell*, the Supreme Court [of Ohio] held that a sentencing court is not required 'to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.' " *Hargrove* at ¶ 11, quoting *Bonnell* at ¶ 37. "The court further stated that 'a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.' " *Hargrove* at ¶ 11, quoting *Bonnell* at ¶ 29.

{¶ 14} Appellant first contends that the trial court failed to make a finding that consecutive sentences are necessary to protect the public from future crime or to punish the offender. We disagree.

{¶ 15} R.C. 2929.14(C)(4) requires that the trial court find alternatively that consecutive sentences are necessary to protect the public from future crime or that consecutive sentences are necessary to punish the offender. Appellant maintains that the trial court could not have found that consecutive sentences were necessary to protect the public from future crime or to punish the offender because the trial court did not employ the specific statutory terms "protect," "future," "crime," or "offense." In our view, the trial court made the required finding.

{¶ 16} The trial court noted that appellant's criminal history included an assault conviction and a burglary conviction where appellant "put a gun to someone's head." (Tr. at 48.) When the trial court considered appellant's criminal history and the harm appellant caused to his four victims in this case, the trial court stated: "I don't know what consequences there could be to more people considering more bad choices that you might make." (Tr. at 48.) In our view, this statement by the trial court is tantamount to a finding that "consecutive service is necessary to protect the public from future crime," even though the trial court did not employ the specific statutory words "protect," "future," or "crime." It is evident from the context of the trial court's statement that the trial court believed, given appellant's criminal history and the severity of his crimes in this case, that a consecutive prison term was necessary to protect the public from future crimes appellant may commit if he were not imprisoned for a longer period of time. The fact that the trial court did not use the precise statutory language does not mean the trial court failed to make the required finding. *See Bonnell* at ¶ 32 (sentencing court's finding that Bonnell's history of criminal conduct was "atrocious" demonstrated the need for consecutive sentences to protect the public from future crime).

{¶ 17} Additionally, in our view, the trial court's statement that "[t]here's essentially seven years for each person that's dead and three years for each person that's injured," is a clear expression by the trial court that a consecutive term of imprisonment was necessary to separately punish appellant for the harm he caused to each of his four victims. (Tr. at 49.) Consequently, even if we believed the trial court failed to make a

finding that a consecutive prison term was necessary to protect the public from future crime, the trial court made the alternative finding that consecutive sentences were necessary to punish appellant, even though the trial court did not employ the statutory language. *See Bonnell* at ¶ 33 ("We can discern from the trial court's statement that Bonnell had 'shown very little respect for society and the rules of society' that it found a need to protect the public from future crime or to punish Bonnell.").

{¶ 18} Appellant next contends that the trial court could not have made a finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public without employing the statutory words "disproportionate," "danger," or "risk." Again, we disagree.

{¶ 19} In *State v. Moore*, 161 Ohio App.3d 778, 2005-Ohio-3311 (7th Dist.), the court provided the following perspective regarding the findings required by former R.C. 2919.14(E)(4):

> In some sense, the findings required by R.C. § 2929.14(E)(4) overlap with each other and are redundant. * * * For example, if the court finds that, "consecutive sentences are necessary to protect the public from future crime by the offender," then it has also found that consecutive sentences are, "necessary to protect the public from future crime or to punish the offender." The statute lists these as two separate findings, when one finding clearly encompasses the other. *There is also a high degree of overlap between the finding that, "consecutive sentences are not disproportionate to the seriousness of the offender's conduct," and the finding that, "no single prison term * * * adequately reflects the seriousness of the offender's conduct."* Due to this overlap in the language of the statute, it is theoretically possible for a trial court to make the appropriate findings, even without tracking the precise language of the statute.

(Emphasis added.) *Id.* at ¶ 80. Although the Seventh District decided *Moore* under a prior version of the sentencing statute, the statutory language analyzed in *Moore* is identical to the statutory language in the current version of R.C. 2929.14(C)(4) and (C)(4)(b). The *Moore* court's statutory analysis is also consistent with the view subsequently expressed by the Supreme Court of Ohio in *Bonnell*. Thus, we find that the *Moore* case is instructive regarding our review of the trial court's findings in this case.

{¶ 20} We believe that the trial court made the required proportionality finding in this case. At the sentencing hearing, the trial court stated: "I do not think that a single prison sentence could adequately reflect the seriousness of the conduct, and [appellant's] history of criminal conduct demonstrates that consecutive sentences are necessary." (Tr. at 49.) In our opinion, the trial court's statement equates to a finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public even though the trial court employed the language of R.C. 2929.14(C)(4)(b), rather than the specific language of R.C. 2929.14(C)(4). Given the high degree of overlap between these two sections of the statute, the trial court's use of the specific language of R.C. 2929.14(C)(4)(b), rather than the language specified by R.C. 2929.14(C)(4), does not alter our perception that the trial court conducted the necessary proportionality analysis and made the required finding. *Moore.* The language employed by the trial court evidences the fact that the trial court conducted the required analysis even though the trial court did not use the words "disproportionate," "danger," or "risk." *See*, *e.g.*, *State v. Adams*, 10th Dist. No. 13AP-783, 2014-Ohio-1809, ¶ 21 (sentencing court's "use of the phrase 'does not discredit the conduct or danger imposed by the defendant' shows that the trial court employed the required proportionality analysis in imposing a consecutive sentence * * * even though the trial court eschewed the phrase 'not disproportionate' "); *Hillman* at ¶ 68 (trial court's concerns about "any lesser sentence being demeaning to the seriousness of the offense because there were 'several different victims' in this case" amounts to a finding regarding the proportionality of consecutive sentences).

{¶ 21} Because we are able to discern from our review of the sentencing hearing transcript that the trial court engaged in the correct analysis and made the required findings at the sentencing hearing, we hold that the record demonstrates compliance with R.C. 2929.14(C)(4). *Bonnell* at ¶ 29.[1] Accordingly, we hold the trial court made the findings required by R.C. 2929.14(C)(4) at the May 4, 2016 sentencing hearing, and we overrule appellant's first assignment of error in part.

---

[1] There is no dispute that the court made the finding required by R.C. 2929.14(C)(4)(a) that appellant committed the offenses while under post-release control for a prior offense.

{¶ 22} Although we have overruled appellant's first assignment of error in part as it relates to the findings made by the trial court at the sentencing hearing, the *Bonnell* case holds that Ohio's consecutive sentencing laws also require the trial court to "incorporate its statutory findings into the sentencing entry." *Id.* at ¶ 29. Appellant argues that the trial court failed to incorporate its findings into its sentencing entry. The relevant portion of the trial court's judgment entry states: "the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. * * * **Consecutive sentence findings made pursuant to ORC 2929.14(C)**." (Emphasis sic.) (May 5, 2016 Jgmt. Entry at 1.)

{¶ 23} The state acknowledges that the trial court's sentencing entry does not demonstrate compliance with *Bonnell*. Pursuant to *Bonnell*, "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 30. Consistent with our precedent, we sustain appellant's first assignment of error in part, and we remand this case to the trial court for a nunc pro tunc judgment entry incorporating findings stated on the record. *Hillman* at ¶ 71; *Hargrove* at ¶ 25; *Price* at ¶ 42; *Dixon* at ¶ 30.

**B.  Second Assignment of Error**

{¶ 24} In appellant's second assignment of error, appellant argues the trial court erred when it stated in the sentencing entry that appellant's trial counsel did not recommend a sentence. The sentencing entry reads in relevant part: "The Prosecuting Attorney and the Defendant's attorney **did not** recommend a sentence." (Emphasis sic.) (May 5, 2016 Jgmt. Entry at 1.) Appellant construes this portion of the judgment entry to mean that the trial court believed that neither the prosecutor nor appellant's trial counsel recommended a sentence. When so construed, the trial court's statement is factually incorrect inasmuch as the sentencing transcript reveals that appellant's trial counsel recommended an eight-year prison term and that the prosecutor recommended a "significant prison sentence." (Tr. at 29.) The state counters that the trial court's statement merely represents the trial court's acknowledgment that the parties did not jointly recommend a sentence.

{¶ 25} In our opinion, it is not reasonable to read the trial court's statement in the manner suggested by appellant.  Moreover, even if we were to so construe the trial court's statement, we do not perceive any prejudice to appellant arising therefrom.  A sentencing court is under no obligation to adopt a joint sentencing recommendation, let alone the recommendation of one of the parties.  *State v. Lyttle*, 3d Dist. No. 2-12-22, 2013-Ohio-2608, ¶ 24, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28.  The record does not contain any indication that the trial court imposed a stiffer sentence on appellant due to a mistaken belief that appellant's trial counsel had not recommended a sentence.  Consequently, the mistake in the trial court's judgment entry, if any, is harmless error.

{¶ 26} For the foregoing reasons, we overrule appellant's second assignment of error.

### C.  Third Assignment of Error

{¶ 27} In appellant's third assignment of error, appellant contends the trial court erred when it failed to credit him with 336 days of jail time served in case No. 15CR-2099.  The transcript of the sentencing hearing reveals the following exchange:

> THE COURT:  Are you all willing to stipulate to 336 days of jail time credit on the 2099 case and zero days' jail time credit on the 4068 case?
>
> [Appellant's trial counsel]:  Yes, Judge.
>
> [Prosecutor]:  Judge, we stipulate to those numbers, yes.

(Tr. at 47.)

{¶ 28} The trial court subsequently found as follows: "[Y]ou have 336 days of jail time credit in the 2099 and zero days of jail time credit in 4068."  (Tr. at 48.)  However, when the trial court issued its judgment entry in case No. 15CR-2099, the trial court mistakenly found that "[d]efendant has **0** days of jail time credit and hereby certifies the time to the Ohio Department of Corrections."[2]  (Emphasis sic.)  (May 5, 2016 Jgmt. Entry at 2.)

---

[2] The parties acknowledge that the trial court gave appellant 336 days of jail-time credit in case No. 15CR-4068 but that no appeal has been taken from the judgment in that case.

{¶ 29} The state concedes trial court error with respect to the jail time credited to appellant in the May 5, 2016 judgment entry. Accordingly, we sustain appellant's third assignment of error and remand this case to the trial court with instruction to issue a corrected judgment entry reflecting 336 days of jail-time credit. *See* Crim.R. 36. *See also State v. Weaver*, 1st Dist. No. C-050932, 2006-Ohio-5072, ¶ 15 (a sentencing court may correct a jail-time credit miscalculation in its judgment entry); *State v. Wolfe*, 2d Dist. No. 26681, 2016-Ohio-4897, ¶ 11 (the miscalculation of jail-time credit is a mistake in a judgment arising from oversight or omissions that may be corrected by the sentencing court).

{¶ 30} For the foregoing reasons, we sustain appellant's third assignment of error.

## V. CONCLUSION

{¶ 31} Based on the foregoing, we overrule in part and sustain in part appellant's first assignment of error, overrule appellant's second assignment of error, and sustain appellant's third assignment of error. We reverse the judgment of the Franklin County Court of Common Pleas and remand this matter for the trial court to issue a corrected judgment entry incorporating the consecutive sentence findings made at the sentencing hearing and crediting appellant with 336 days of jail time served.

*Judgment reversed;*
*cause remanded with instructions.*

DORRIAN and HORTON, JJ., concur.

_____