[Cite as *State v. Balderson*, 2018-Ohio-3683.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-690 |
| v. | : | (C.P.C. No. 17CR-1925) |
| Brian L. Balderson, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 13, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Brian L. Balderson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Brian L. Balderson, appeals from the August 28, 2017 judgment of the Franklin County Court of Common Pleas imposing consecutive sentences. For the following reasons, we affirm.

{¶ 2} On April 6, 2017, a Franklin County Grand Jury indicted Balderson on two counts of forgery, in violation of R.C. 2913.31, and two counts of receiving stolen property, in violation of R.C. 2913.51. Balderson initially entered a not guilty plea. On July 25, 2017, he withdrew his not guilty plea and entered a guilty plea to the two counts of forgery. The trial court accepted his guilty plea, found him guilty, entered a nolle prosequi on the counts

of receiving stolen property, and delayed sentencing for the preparation of a presentence investigation report ("PSI").

{¶ 3}  At the sentencing hearing, the trial court imposed a 7-month prison term for each forgery count and ordered that the terms be served consecutively, for a total of 14 months.  The trial court also ordered Balderson to pay restitution in the amount of $834.72, as jointly recommended by the parties.

{¶ 4}  Balderson, pro se, appealed his sentence, asserting the following assignment of error:

> The trial court erred in sentencing Appellant to consecutive sentences without findings from the record.

{¶ 5}  In his sole assignment of error, Balderson challenges the imposition of consecutive sentences.  He appears to argue that the record does not support consecutive sentencing.  As an initial matter, Balderson complains that the trial court and the prosecutor referred to a PSI but the PSI was not made available to him.  He also contends that the PSI was not made a part of the record because it was not presented to the court at the sentencing hearing and was not a part of the information provided to him by the Ohio Public Defender when the attorney withdrew from representing him on appeal.

{¶ 6}  If a PSI is prepared, the court shall allow the prosecutor handling the case and the defendant's counsel or the defendant to inspect the report prior to sentencing.  R.C. 2951.03(B) and (D)(1).  The prosecutor, the defendant's counsel, and the defendant are required to return any copies of the PSI to the court following sentence and are not permitted to retain a copy.  R.C. 2951.03(D)(2).  The contents of a PSI are confidential and are not a public record, R.C. 2951.03(D)(1), but the report is part of the record on appeal when the sentence is appealed.  R.C. 2953.08(F)(1).

{¶ 7}  The trial court ordered the preparation of a PSI.  At Balderson's sentencing hearing, the trial court noted that it had received and reviewed the PSI.  The court asked defense counsel if she had any corrections or additions to the report.  Defense counsel stated that she did not.   This statement implies that she reviewed the PSI prior to sentencing.  Because R.C. 2951.03(B) and (D)(1) require that the trial court allow either defense counsel *or* the defendant to read the PSI prior to sentencing, Balderson's complaint that he was not able to review the PSI is without merit.  Also, the public defender could not

provide Balderson with a copy of the PSI because all copies of the PSI must be returned to the trial court after sentencing, and the PSI is not a public record and must be kept confidential. R.C. 2951.03(D)(1) and (2). The prosecutor filed a motion to supplement the appellate record with the PSI. In accordance with R.C. 2953.08(F)(1), we granted that request. Thus, we are able to review the PSI to determine whether the trial court's findings with regard to consecutive sentences are supported by the record and the PSI.

{¶ 8} In order to impose consecutive terms of imprisonment, R.C. 2929.14(C)(4) requires that the trial court make at least three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one or more of the following subsections applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} A trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and must include those findings in its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. "[A] word-for-word recitation of the language is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 10} In this case, all of the required statutory findings were incorporated in the trial court's sentencing journal entry.  At the sentencing hearing, the trial court made the following findings in support of consecutive sentences:

> Pursuant to Revised Code 2929.14 subsection C4, because these offenses constitute an ongoing course of conduct, the court believes that no single sentence can satisfy that course of conduct, the danger that that conduct poses to the community, and in order to ensure the safety of the community, those sentences will run consecutive with each other, for a total of 14 months of incarceration with 79 days of credit.

(Tr. at 29.)

{¶ 11} Although the trial court used some of the statutory terminology in making its findings, it did not use the exact language of the statute.  A talismanic incantation of the words of the statute is not necessary, however, as long as an appellate court is able to discern that the trial court engaged in the correct analysis.  *Bonnell* at ¶ 37.  It is clear from the sentencing hearing transcript that the trial court considered Balderson's lengthy criminal history and found that consecutive sentences were necessary to protect the public from future crime and to punish Balderson.  This satisfies the first finding required under R.C. 2929.14(C)(4) and also a finding under R.C. 2929.14(C)(4)(c).

{¶ 12} The disproportionality finding of R.C. 2929.14(C)(4) requires that the trial court find that consecutive sentences are not disproportionate to (1) the seriousness of the offender's conduct *and* (2) to the danger the offender poses to the public.  *State v. Hairston*, 10th Dist. No. 17AP-416, 2017-Ohio-8719, ¶ 13.  Instead of referencing proportionality, the trial court found that "no single sentence can satisfy that course of conduct, the danger that that conduct poses to the community." (Tr. at 29.)  This language is more akin to the finding in R.C. 2929.14(C)(4)(b) which states:

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

Courts have held that even though a trial court employed the language of R.C. 2929.14(C)(4)(b), rather than the specific language of R.C. 2929.14(C)(4), the statement

equated to a proportionality/danger to the public finding. *State v. White*, 7th Dist. No. 16 MA 0143, 2017-Ohio-7797, ¶ 14; *State v. Fields*, 10th Dist. No. 16AP-417, 2017-Ohio-661. By stating "no single sentence can satisfy that course of conduct," the trial court weighed the severity of consecutive sentences against the seriousness of the conduct. This phraseology is sufficient to indicate that the trial court engaged in a proportionality analysis even though it did not use the statutory language.

{¶ 13} Accordingly, Balderson's sole assignment of error is overruled, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.