[Cite as *State v. Richards*, 2019-Ohio-5325.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-259 |
| v. | : | (C.P.C. No. 18CR-2025) |
| Gregory L. Richards, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 24, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Kura, Wilford & Schregardus Co., L.P.A.*, and *Sarah M. Schregardus*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Gregory L. Richards, appeals from a judgment of the Franklin County Court of Common Pleas following his conviction and sentence for involuntary manslaughter and trafficking in heroin. Because the trial court properly imposed consecutive sentences, we affirm.

{¶ 2} On April 27, 2018, a Franklin County Grand Jury indicted appellant for involuntary manslaughter in violation of R.C. 2903.04, a felony of the first degree; corrupting another with drugs in violation of R.C. 2925.02, a felony of the second degree; aggravated trafficking in drugs in violation of R.C. 2925.03, a felony of the fourth degree; and trafficking in heroin in violation of R.C. 2925.03, a felony of the fifth degree. Appellant initially entered a not guilty plea.

{¶ 3} On February 13, 2019, the trial court held a plea hearing at which the prosecutor provided the following factual summary. On December 24, 2017, appellant was renovating an apartment and found a baggie containing a substance he thought to be heroin. He provided the drugs to a female acquaintance, which she administered to herself while seated in appellant's vehicle. Shortly thereafter, the woman lost consciousness. Appellant attempted CPR, then drove her to a fire station for treatment. The woman was ultimately transported to a nearby hospital where she was pronounced dead. The coroner's toxicology report listed the woman's cause of death as acute fentanyl intoxication.

{¶ 4} Following this factual recitation and a Crim.R. 11 colloquy, appellant entered a guilty plea to involuntary manslaughter and trafficking in heroin as charged in the indictment. The trial court accepted appellant's guilty plea, found him guilty, entered a nolle prosequi on the remaining counts in the indictment, and delayed sentencing for the preparation of a presentence investigation report.

{¶ 5} At the March 28, 2019 sentencing hearing, the trial court imposed a 6-year prison term for involuntary manslaughter and a 12-month prison term for trafficking in heroin. The court ordered the sentences to be served consecutively for a total of 7 years.

{¶ 6} Appellant appealed, asserting a single assignment of error:

> The trial court erred when it imposed consecutive sentences
> contrary to law.

{¶ 7} In his sole assignment of error, appellant challenges the imposition of consecutive sentences. "An appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law." *State v. Robinson,* 10th Dist. No. 15AP-910, 2016-Ohio-4638, ¶ 7, citing *State v. Chandler,* 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10; R.C. 2953.08(G)(2).

{¶ 8} Because appellant failed to object to the imposition of consecutive sentences at the sentencing hearing, our review is limited to consideration of whether the trial court committed plain error. *State v. Jackson,* 14AP-748, 2015-Ohio-5114, ¶ 30. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." An appellate court recognizes plain error "with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice." *State v. Barnes,* 94 Ohio St.3d 21, 27 (2002). Plain error is not

present unless, but for the error complained of, the outcome would have been different. *State v. Pilgrim,* 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 58 (10th Dist.). When the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on multiple offenses, the sentence is contrary to law and constitutes plain error. *State v. Wilson,* 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 18.

{¶ 9}   "[A]bsent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently."  *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 16, citing R.C. 2929.41(A).  However, a trial court has discretion to impose consecutive sentences for multiple prison terms pursuant to R.C. 2929.14(C)(4).  To do so, the trial court must make at least three distinct findings before imposing consecutive sentences: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one or more of the following subsections applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 10}  A trial court seeking to impose consecutive sentences must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into the sentencing entry.  *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.  A trial court need not, however, state reasons to support its findings.  *Id.*  Nor is the trial court required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing

entry." *Id.* at ¶ 37. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 11} In *Bonnell,* the sentencing court imposed consecutive sentences totaling eight years and five months pursuant to Bonnell's guilty plea to three third-degree-felony counts of burglary and one fifth-degree-felony count of tampering with coin machines. The court characterized Bonnell's criminal record as " 'atrocious' " and that he had shown " 'very little respect for society and the rules of society.' " *Id.* at ¶ 9. The Supreme Court of Ohio concluded that it could "discern from the trial court's statement that Bonnell had 'shown very little respect for society and the rules of society' that it found a need to protect the public from future crime or to punish Bonnell." *Id.* at ¶ 33. The court further concluded that "the court found that Bonnell's 'atrocious' record related to a history of criminal conduct that demonstrated the need for consecutive sentences to protect the public from future harm." *Id.* However, the court determined that it could not "glean from the record that the trial court found consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* at ¶ 36. In addition, the court averred, "[n]or is it apparent which of the three additional findings set forth in R.C. 2929.14(C)(4)(a), (b), and (c) were made by the trial court." *Id.* Accordingly, the court held that "the imposition of consecutive sentences in this case is contrary to law." *Id.* at ¶ 37.

{¶ 12} In the present case, the trial court stated at the sentencing hearing:

> I have considered the presentence investigation as well as the defendant's attitude and demeanor throughout these hearings. The Court is going to impose the following sentence. As to Count One, involuntary manslaughter, 6 years at the Ohio Department of Rehabilitation and Corrections. That will run consecutive to a 12-month sentence for a total 7-year prison term.
>
> The Court finds that Counts One and Four do not merge for purposes of sentencing. The Court finds that the two offenses constitute separate and distinguishable harms and that no single prison sentence for any term would adequately punish the offender or protect the public from future harm.

> The fact that * * * it may have been 38 years ago when you were convicted of corrupting another with drugs, but, you know, that's what it makes it more gulling, that you're still, you know - - in - - 2017, you're doing it again to someone who you know who is sick, who you know has this addiction, this affliction. You've shown absolutely zero remorse for your conduct and the Court thinks that a 7-year term of imprisonment is the appropriate sentence.

(Mar. 28, 2019 Sentencing Tr. at 20-21.)

{¶ 13} In its subsequent judgment entry, the court made all the findings required by R.C. 2929.14(C)(4), including a finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public." (Mar. 28, 2019 Jgmt. Entry at 2.)

{¶ 14} Here, appellant contends that the trial court failed to make the "disproportionate" finding under R.C. 2929.14(C)(4) on the record at the sentencing hearing. Appellant does not argue that the trial court failed to make the "necessary" finding under R.C. 2929.14(C)(4) or any of the three alternative findings under R.C. 2929.14(C)(4)(a), (b), or (c).

{¶ 15} In several recent cases, this court has considered the proportionality argument raised by appellant. In *State v. Adams,* 10th Dist. No. 13AP-783, 2014-Ohio-1809, this court concluded that the sentencing court's "use of the phrase 'does not discredit the conduct or danger imposed by the defendant' shows that the trial court employed the required proportionality analysis in imposing a consecutive sentence." *Id.* at ¶ 21. We reasoned, "[t]he trial court's remarks reveal that it weighed the severity of a consecutive sentence against the seriousness of the offenses, the irreparable harm inflicted on appellant's young victim, and the future risk to the public posed by appellant's particular criminal conduct. The trial court's phraseology in this case is conceptually equivalent to the statutory language, even though the trial court eschewed the phrase 'not disproportionate.' " *Id.* at ¶ 21.

{¶ 16} In *State v. Hillman,* 10th Dist. No. 14AP-252, 2014-Ohio-5760, we held that the sentencing court made the proportionality finding required by R.C. 2929.14(C)(4) based upon its statements that: (1) "anything less than consecutive sentences would demean the seriousness of the offense;" (2) Hillman did not "appreciate how serious a burglary is as an offense" because "it not only shows a very serious disregard for people's

privacy and people's property, it shows a very serious disregard for people's safety;" and (3) there were "several different victims in this case." *Id.* at ¶ 68.

{¶ 17} We again addressed a proportionality argument in *State v. Hargrove,* 10th Dist. No. 15AP-102, 2015-Ohio-3125. There, we concluded that the trial court's statements that Hargrove's criminal conduct represented " 'the worst form of the offense' " and " 'the most serious type of offense' " constituted a factual finding "on which this court can conclude that the sentencing court engaged in the required proportionality analysis by finding that consecutive service is 'not disproportionate to the seriousness of [appellant's] conduct.' " *Id.* at ¶ 16, 17, quoting *State v. Hartman,* 7th Dist. No. 13 JE 36A, 2014-Ohio-5718, ¶ 31. We further concluded that the trial court's statements that a 15-month sentence for a similar crime in 2007 "didn't help, so maybe he should go to prison more this time," that "he's done it before in 2007, for which he was in prison, and he continued to do the same thing," that there were at least 56 victims in the case, and that Hargrove "prey[ed] upon * * * elderly sympathetic victims," permitted this court "to conclude that the trial court found not only that consecutive service is necessary to punish appellant but also that consecutive service is not disproportionate to the danger appellant poses to the public." *Id.* at ¶ 18, 21.

{¶ 18} In so holding, we noted that "[t]he relevant case law shows that appellate courts have been fairly deferential to the trial court when reviewing the transcript of a sentencing hearing to determine whether the trial court has made the findings required by R.C. 2929.14(C)(4)." *Id.* at ¶ 19. We also distinguished *Bonnell,* noting that "[u]nlike the trial court in *Bonnell,* the sentencing court in this case set forth the factual basis for its decision to impose a consecutive term of imprisonment." *Id.* at ¶ 21.

{¶ 19} We again concluded that the record supported a proportionality finding in *State v. Cardwell,* 10th Dist. No. 15AP-1076, 2016-Ohio-5591, where "the trial court made findings regarding the seriousness of appellant's conduct as it relates to the criminal offense and the inadequacy of a single sentence to both fit appellant's conduct and adequately protect the public." *Id.* at ¶ 13.

{¶ 20} However, in *State v. Knowles,* 10th Dist. No. 16AP-345, 2016-Ohio-8540, this court rejected the state's urging that we find the trial court engaged in the proportionality analysis required by R.C. 2929.14(C)(4) based on its statements that "what you've done is a horrendous crime, and the minimum you should pay is 24 to life,"

and that it "imposed the consecutive sentence on the Weapon Under Disability because this gentleman was on probation to the Court, and the Court feels that in order to protect it's necessary that a consecutive sentence be imposed." *Knowles* at ¶ 45. Likening the trial court's statements to those in *Bonnell,* we concluded that "[c]onsistent with *Bonnell,* we cannot discern from the trial court's statements that it made the proportionality finding required by R.C. 2929.14(C)(4)." *Knowles* at ¶ 46.

{¶ 21} In *State v. Fields,* 10th Dist. No. 16AP-417, 2017-Ohio-661, we found that the trial court's statement that "I do not think that a single prison sentence could adequately reflect the seriousness of the conduct, and [appellant's] history of criminal conduct demonstrates that consecutive sentences are necessary" equated to a proportionality finding "even though the trial court employed the language of R.C. 2929.14(C)(4)(b), rather than the specific language of R.C. 2929.14(C)(4)." *Fields* at ¶ 20. We reasoned, "given the high degree of overlap between these two sections of the statute, the trial court's use of the specific language of R.C. 2929.14(C)(4)(b), rather than the language specified by R.C. 2929.14(C)(4), does not alter our perception that the trial court conducted the necessary proportionality analysis and made the required finding." *Fields* at 20.

{¶ 22} In *State v. Balderson,* 10th Dist. No. 17AP-690, 2018-Ohio-3683, the sentencing court imposed consecutive sentences upon finding that "because these offenses constitute an ongoing course of conduct, the court believes that no single sentence can satisfy that course of conduct, the danger that that conduct poses to the community, and in order to ensure the safety of the community." *Id.* at ¶ 10. Noting that the trial court did not expressly reference proportionality, we found that the language employed by the trial court was "more akin to the finding in R.C. 2929.14(C)(4)(b)" and that such statement "equated to a proportionality/danger to the public finding." *Id.* at ¶ 12, citing *Fields.* We concluded that "[b]y stating that 'no single sentence can satisfy that course of conduct,' the trial court weighed the severity of consecutive sentences against the seriousness of the conduct. This phraseology is sufficient to indicate that the trial court engaged in a proportionality analysis even though it did not use the statutory language." *Id.*

{¶ 23} In *State v. Dixon,* 10th Dist. No. 17AP-884, 2018-Ohio-3759, we reviewed a sentencing court's consecutive sentence finding that was nearly identical to that in

*Balderson.* Again relying on *Fields,* we concluded that "by stating 'no single sentence can satisfy that course of conduct,' * * * the trial court engaged in a proportionality analysis even though it did not use the statutory language." *Id.* at ¶ 10.

{¶ 24} Most recently, in *State v. Ali,* 10th Dist. No. 18AP-935, 2019-Ohio-3864, we held the trial court made the requisite proportionality finding upon stating that "because these offenses constitute an ongoing course of conduct, because the court believes that no single sentence can satisfy that course of conduct, the danger that the conduct poses to the community, and in order to ensure the safety of the community, those sentences will run consecutive with each other." *Id.* at ¶ 31. We further stated, "[u]pon a review of the transcript of the sentencing hearing and the judgment entry, we disagree [that the trial court did not make the second finding under R.C. 2929.14(C)(4).]" *Ali* at ¶ 33. Relying on *Dixon* and *Cardwell,* we concluded that "[a]lthough the trial court did not use the word 'disproportionate,' it nonetheless addressed the seriousness of Ali's conduct, the danger Ali poses to the public, and the inadequacy of a single sentence." *Ali* at ¶ 33.

{¶ 25} As we noted in *Hargrove,* and upon review of relevant case law from this court, we have employed a fairly deferential approach with regard to assessing trial court compliance with R.C. 2929.14(C)(4). Indeed, in our most recent analysis, we reviewed both "the transcript of the sentencing hearing and the judgment entry" in concluding that the trial court complied with the proportionality portion of R.C. 2929.14(C)(4). *Ali* at ¶ 33.

{¶ 26} Here, as in *Fields, Balderson, Dixon*, and *Ali,* the trial court's statement at the sentencing hearing that "the two offenses constitute separate and distinguishable harms and that no single prison sentence for any term would adequately punish the offender or protect the public from future harm" is akin to a finding under R.C. 2929.14(C)(4)(b), and, as such, constitutes a factual finding on which this court can conclude that the sentencing court found that consecutive service is not disproportionate to the seriousness of appellant's conduct. The trial court further found that appellant had been convicted of corrupting another with drugs 38 years prior to the instant offense, and had presently done the same thing to an individual he knew to have a drug addiction, with zero remorse for his actions. These statements of fact allow us to conclude that the trial court found that consecutive service is not disproportionate to the danger appellant poses to the public.

{¶ 27} To be sure, the trial court did not expressly employ the term "disproportionate" in its consecutive sentence findings. However, as in the case law cited above, we nonetheless conclude that the trial court's factual findings addressed the seriousness of appellant's conduct, considered the danger he poses to the public, and the inadequacy of a single sentence. *Ali.* In addition, the trial court stated in the sentencing entry that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public."

{¶ 28} As a result, upon review of the sentencing transcript and the judgment entry, we can discern from the record that the trial court engaged in the appropriate analysis and made the requisite proportionality finding. We acknowledge that it would have been better practice for the trial court to recite the statute's verbiage, as it did in its judgment entry, to avoid any ambiguity on appeal. However, the deviation from the statutory language in the present case is not so egregious as to render the trial court's sentence clearly and convincingly contrary to law. Accordingly, we conclude that the trial court did not err, let alone plainly err, in imposing consecutive sentences. We thus overrule appellant's assignment of error.

{¶ 29} Having overruled appellant's sole assignment of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and NELSON, JJ., concur.

—————————